CHERIE PARANTEAU ET AL. *v.* FREDERICK DeVITA
(13260)

PETERS, C. J., CALLAHAN, GLASS, COVELLO and HULL, Js.

Argued May 5—decision released August 9, 1988

*Thomas F. Brown,* for the appellant (defendant).
*Patty Jenkins Pittman,* for the appellees (plaintiffs).

HULL, J. The defendant brings this appeal following a grant of certification from an order of the Appellate Court dismissing his appeal to that court as untimely. We granted certification limited to the following question: "Did the Appellate Court err in concluding that the trial court, in an action brought under CUTPA [Connecticut Unfair Trade Practices Act, General Statutes §§ 42-110a to 42-110q], had rendered a final judgment before its determination of the issue of attorney's fees?" A proper analysis, however, requires that we expand the scope of our inquiry beyond claims brought under CUTPA to include any claim where a judgment on the merits is rendered prior to an award of attorney's fees.[1] See *Nardini* v. *Manson,* 207 Conn. 118, 119–20, 540 A.2d 69 (1988); *State* v. *Torrence,* 196 Conn. 430, 434–35, 493 A.2d 865 (1985). Thus, the revised first issue in this appeal is as follows: whether

---

[1] Practice Book § 4138 provides in pertinent part: "The issues which the appellant may present [to the Supreme Court on certification] are limited to those raised in the petition for certification . . . except where the issues are further limited by the order granting certification." This court may, however, suspend the requirements of § 4138 when the dictates of justice necessitate a more expansive review. Practice Book § 4187; *Nardini* v. *Manson,* 207 Conn. 118, 119–20, 540 A.2d 69 (1988); *State* v. *Hodge,* 201 Conn. 379, 382–83, 517 A.2d 621 (1986); *State* v. *Torrence,* 196 Conn. 430, 433–34, 493 A.2d 865 (1985); *Greenwood* v. *Greenwood,* 191 Conn. 309, 315, 464 A.2d 771 (1983).

a judgment on the merits is final for purposes of appeal where the amount of attorney's fees to be awarded remains to be decided. Furthermore, because it is inescapably intertwined with the first issue, we address a second limited issue: whether a trial court's supplemental postjudgment order determining the amount of attorney's fees to be awarded is separately appealable as a final judgment. Both are issues of first impression for this court.

The relevant facts are not in dispute. The plaintiff tenants, Cherie Paranteau and Michael Warren, brought suit in several counts against the defendant landlord, Frederick DeVita, alleging, inter alia, a CUTPA violation by the defendant. On May 27, 1987, the trial court, *Ramsey, J.*, by way of written decision, rendered a judgment on the merits in favor of the plaintiffs on all counts, including the alleged violation of CUTPA by the defendant. General Statutes § 42-110g (d) grants a trial court the authority to award reasonable attorney's fees to the prevailing plaintiff(s) on a CUTPA claim.[2] In its decision, the trial court stated that "[a] hearing may be scheduled by the Clerk to determine plaintiff's counsel fees." We construe this statement as implicitly granting attorney's fees but delaying the determination of their amount. A hearing was subsequently held on June 18, 1987, and the plaintiffs were awarded attorney's fees in the amount of $2580.

[2] General Statutes § 42-110g (d) provides: "In any action brought by a person under this section, the court may award, to the plaintiff, in addition to the relief provided in this section, costs and reasonable attorneys' fees based on the work reasonably performed by an attorney and not on the amount of recovery. In a class action in which there is no monetary recovery, but other relief is granted on behalf of a class, the court may award, to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorneys' fees. In any action brought under this section, the court may, in its discretion, order, in addition to damages or in lieu of damages, injunctive or other equitable relief."

On June 26, 1987, the defendant filed an appeal to the Appellate Court. The defendant's preliminary statement of issues for presentation on appeal[3] indicated that he was appealing not only the trial court's May 27, 1987 judgment on the merits, but also the subsequent award of attorney's fees to the plaintiffs at the June 18, 1987 hearing. On July 1, 1987, the plaintiffs timely filed with the Appellate Court a motion to dismiss the defendant's appeal on the ground that it was filed more than twenty days after the May 27, 1987 judgment on the merits in violation of Practice Book § 4009.[4] On July 23, 1987, the Appellate Court granted the plaintiffs' motion and dismissed the defendant's appeal in *toto* without opinion. The defendant now seeks review in this court of the Appellate Court's dismissal, as untimely filed, of his appeal of the trial court's judgment on the merits and postjudgment award of attorney's fees. We find error only as to the dismissal of that portion of the defendant's appeal challenging the trial court's postjudgment order determining the amount of attorney's fees to be awarded, and remand that issue to the Appellate Court for further proceedings.

I

Normally, the jurisdiction of this court is limited to appeals taken from final judgments.[5] General Statutes § 52-263; Practice Book § 4000. Absent the timely filing of a motion for extension of time under Practice

---

[3] The defendant's appeal was dismissed by the Appellate Court before briefs were filed by either party.

[4] Practice Book § 4009 provides in relevant part: "The party appealing shall, within twenty days, except where a different period is provided by statute, from the issuance of notice of the rendition of the judgment or decision from which the appeal is taken file an appeal in the manner prescribed by Sec. 4012 . . . ."

[5] Under limited circumstances, General Statutes § 52-265a permits a direct appeal to the Supreme Court absent a final judgment. See *Fernandez* v. *Fernandez*, 208 Conn. 329, 545 A.2d 1036 (1988).

Book § 4040, the party appealing must file his appeal within twenty days of the issuance of notice of the rendition of the judgment.[6] Practice Book § 4009. If an appeal is not timely filed, it may be dismissed if the appellee files a motion to dismiss within ten days of the filing of the appeal. Practice Book § 4056; *Da Costa* v. *Gregory,* 168 Conn. 665, 337 A.2d 539 (1975).

The defendant's appeal was filed within twenty days after the order determining the amount of attorney's fees to be awarded the plaintiffs, but more than twenty days after the trial court's judgment on the merits. The defendant contends that the determination of attorney's fees pursuant to the plaintiffs' CUTPA claim was an "integral part" of the case and that judgment on the merits was not final and appealable until the amount was decided. Under this analysis, no final judgment on the merits was rendered until the June 18, 1987 order determining the amount of attorney's fees to be awarded and, thus, the defendant's June 26, 1987 appeal on the merits was timely filed within the twenty day appeal period.[7] The plaintiffs, on the other hand, maintain that the May 27, 1987 decision on the merits constituted a final judgment for purposes of appeal. They argue that the supplemental postjudgment order regarding attorney's fees was merely collateral to the main cause of action and did not affect the finality of the May 27, 1987 judgment on the merits. Under this view, the defendant's June 26, 1987 appeal as to the merits was untimely, and therefore properly dismissed by the Appellate Court, since it was not filed within twenty days of the May 27, 1987 decision on the merits.

---

[6] The defendant did not file a motion to extend the time for filing his appeal pursuant to Practice Book § 4040.

[7] In further support of his position, the defendant directs us to Judge Ramsey's comment of the June 18, 1987 hearing that the time for appeal would commence to run from that date (June 18, 1987). A trial judge's statement, however, that he is rendering a final appealable judgment does not necessarily make it so. *Doublewal Corporation* v. *Toffolon,* 195 Conn. 384, 393, 488 A.2d 444 (1985).

Thus, the first question presented by this appeal is the effect of the June 18, 1987 order regarding the amount of attorney's fees on the finality, for purposes of appeal, of the May 27, 1987 judgment on the merits.

Although there are no reported decisions in Connecticut addressing this precise issue, the federal courts have examined this problem in some depth. Among the United States Courts of Appeals there has been a conflict of authority. The minority view favors analyzing each case individually to determine whether attorney's fees were "collateral" to the main cause of action, in which case they would not preclude the finality and appealability of a judgment on the merits, or whether the fees were an "integral part" of the merits of the case, thus requiring their determination before judgment could be deemed final for purposes of appeal. See, e.g., *McQurter* v. *Atlanta,* 724 F.2d 881 (11th Cir. 1984); *Holmes* v. *J. Ray McDermott & Co.,* 682 F.2d 1143 (5th Cir. 1982). A majority of the Courts of Appeals, however, have adopted a bright-line approach which obviates the need for individual case review through the implementation of a uniform rule stating that an unresolved issue of attorney's fees does not prevent judgment on the merits from being final and immediately appealable. See, e.g., *Morgan* v. *Union Metal Mfg.,* 757 F.2d 792 (6th Cir. 1985); *Cox* v. *Flood,* 683 F.2d 330 (10th Cir. 1982); *Obin* v. *District No. 9,* 651 F.2d 574 (8th Cir. 1981).

This federal conflict of authority was recently resolved when the United States Supreme Court, in the case of *Budinich* v. *Becton Dickinson & Co.,* 486 U.S. 196, 108 S. Ct. 1717, 100 L. Ed. 2d 178 (1988), embraced the majority rule in favor of a bright-line approach. In *Budinich,* the petitioner brought an employment compensation action, which was removed from Colorado state court to the federal District Court of Appeals on the basis of diversity jurisdiction. A jury awarded the

petitioner a verdict of $5000 and judgment was rendered on March 26, 1984. The petitioner timely filed new trial motions and a motion for attorney's fees under Colorado law.[8] On May 14, 1984, the District Court denied the new trial motions, found the petitioner was entitled to attorney's fees, but requested further briefing before determining their amount. On August 1, 1984, the District Court entered its final order concerning the attorney's fees. Id., 1719.

On August 29, 1984, the petitioner filed notice of appeal to the Court of Appeals for the Tenth Circuit, covering all of the District Court's posttrial orders. The respondent filed a motion to dismiss the appeal, arguing that the judgment was final and immediately appealable because the order denying the new trial motions was entered on May 14, 1984, and that notice of appeal was not filed within thirty days of that order as required by the Federal Rules of Appellate Procedure.[9] The Court of Appeals granted the motion to dismiss as to all issues except the award of attorney's fees. Id.

---

[8] Colorado Revised Statutes § 8-4-114 (1986) provides: "EMPLOYEE MAY RECOVER ATTORNEY FEE. Whenever it is necessary for an employee to commence a civil action for the recovery or collection of wages and penalties due as provided by sections 8-4-104 and 8-4-105, the judgment in such action shall include a reasonable attorney fee in favor of the winning party, to be taxed as part of the costs of the action."

[9] Jurisdiction of the United States Courts of Appeals is limited to "all final decisions of the district courts." 28 U.S.C. § 1291 (1988 Sup.). Notice of appeal must be filed within thirty days of the rendering of the judgment appealed from. Fed. R. App. P. 4 (a) (1). This thirty day appeal period running from the rendering of final judgment may be tolled, however, as it was in *Budinich,* v. *Becton Dickinson & Co.,* 486 U.S. 196, 108 S. Ct. 1717, 1719, 100 L. Ed. 2d 178 (1988), by the filing of a new trial motion pursuant to Rule 4 (a) (4) of the Federal Rules of Appellate Procedure. In such case, the appeal period runs from "the entry of the order denying a new trial. . . ." Fed. R. App. P. 4 (a) (4). As a result, the respondent contended in *Budinich* that the time for appeal on the merits commenced to run from the District Court's May 14, 1984 order denying a new trial, rather than from the March 26, 1984 decision on the merits.

On appeal to the United States Supreme Court, the petitioner in *Budinich* asserted, as does the defendant in the present case, that the District Court's decision on the merits was not final and appealable until the question of attorney's fees was resolved, and that the time for appeal should run from the District Court's August 1, 1984 final order regarding attorney's fees, thus rendering his August 29, 1984 appeal timely. The United States Supreme Court rejected the petitioner's argument, holding that an "unresolved issue of attorney's fees for the litigation in question does not prevent judgment on the merits from being final." Id., 1721–22. In so deciding, the *Budinich* court emphasized that the time of appealability, because of its jurisdictional consequences, should above all be clear, and that courts and litigants were best served by a bright-line rule that a decision on the merits is a final judgment for purposes of appeal even though the recoverability or amount of attorney's fees for the litigation remains to be determined. Id., 1722. This ruling is in keeping with previous United States Supreme Court decisions that, although not directly ruling on the issue, have been interpreted by the lower federal courts as standing for the proposition that a judgment on the merits is final for purposes of appeal notwithstanding that a claim for attorney's fees is unresolved. See *White* v. *New Hampshire Department of Employment Security*, 455 U.S. 445, 102 S. Ct. 1162, 71 L. Ed. 2d 325 (1982); *Sprague* v. *Ticonic National Bank*, 307 U.S. 161, 59 S. Ct. 777, 83 L. Ed. 1184 (1939).

From the standpoint of efficient judicial administration, we conclude that a bright-line rule is far superior to the case-by-case approach. We agree with the United States Supreme Court that, because it has jurisdictional consequences, the time of appealability should above all be clear. *Budinich* v. *Becton Dickinson & Co.*, supra. A bright-line rule provides notice that decisions on the

merits and those on attorney's fees will be treated separately, giving clear guidance as to when an appeal on the merits must be taken. We do not believe the timeliness of an appeal should be based upon retrospective, technical considerations of whether a particular supplemental postjudgment claim for attorney's fees was collateral to, or an integral part of, the judgment on the merits. Such a case-by-case approach promotes, rather than eliminates, uncertainty as to when an appeal on the merits must be taken.

Thus, we hold that a judgment on the merits is final for purposes of appeal even though the recoverability or amount of attorney's fees for the litigation remains to be determined. Accordingly, that portion of the defendant's June 26, 1987 appeal challenging the trial court's May 27, 1987 judgment on the merits was properly dismissed by the Appellate Court as untimely filed in violation of Practice Book § 4009, and we find no error.[10]

## II

The issue of appealability of the judgment on the merits having been resolved, there remains to be decided the separate question of the timeliness of the defendant's appeal of the trial court's supplemental postjudgment order determining the amount of attorney's fees to be awarded the plaintiffs under their CUTPA claim. We conclude that such an order may raise a collateral and independent claim that is separately appealable as a final judgment. *Morgan* v. *Union Metal Mfg.*, supra, 794–95; *Local Union 75* v. *Madison*

---

[10] The defendant argues that our decision should not be applied retroactively to bar this appeal since he had no precedent to guide him on this matter. Absent overriding needs of public policy, however, we have previously expressed our unwillingness to apply rulings of this court pertaining to jurisdiction prospectively only. *Neyland* v. *Board of Education*, 195 Conn. 174, 182–83, 487 A.2d 181 (1985). We find no such exceptional circumstances in the present case to warrant a departure from this position.

*Industries, Inc.,* 733 F.2d 656, 658–59 (9th Cir. 1984); *Obin* v. *District No. 9,* supra, 584. Thus, that portion of the defendant's June 26, 1987 appeal challenging the fee award was timely filed and improperly dismissed by the Appellate Court and we remand for further proceedings.[11] Practice Book § 4009.

We are aware that the rules we have today adopted may, in some cases, lead to "piecemeal" appeals of judgments on the merits and awards of attorney's fees. The problem of fragmented appeals, however, may be averted if trial judges delay rendering judgment on the merits until the fee issue is resolved and dispose of both the merits and attorney's fees in a single judgment. *Obin* v. *District No. 9,* supra. If for some reason the question of attorney's fees must be decided *after* the entry of judgment on the merits, we suggest that the trial court insist upon the prompt filing and disposition of fee requests so that any pending appeal on the merits of the action may be amended to include any prospective appeal from a supplemental postjudgment award of attorney's fees. Practice Book § 4006.

Accordingly, we reverse in part the judgment of dismissal of the Appellate Court and remand the case to that court for further proceedings.

In this opinion the other justices concurred.

---

[11] A supplemental postjudgment award of attorney's fees becomes final and appealable, however, not when there is a finding of liability for such fees, but when the amount of fees are conclusively determined. A finding as to liability only, prior to a determination on the issue of damages, is not a final judgment from which an appeal lies. *Stroiney* v. *Crescent Lake Tax District,* 197 Conn. 82, 84, 495 A.2d 1063 (1985). Furthermore, a timely appeal from a supplemental postjudgment award of attorney's fees may challenge not only the amount awarded, but the underlying recoverability of such fees as well.