### THE BALF COMPANY *v.* SPERA CONSTRUCTION COMPANY, INC., ET AL.
### (14492)

PETERS, C. J., CALLAHAN, GLASS, BORDEN and BERDON, Js.

Argued April 28—decision released May 26, 1992

*Thomas W. Witherington,* in support of the motion.

*James J. Mercier,* in opposition to the motion.

PER CURIAM. The sole issue in this motion to dismiss an appeal is whether a trial court has rendered a final judgment when it has granted a motion for summary judgment that establishes liability for the principal amount claimed by the plaintiff but has reserved a ruling on a claim for prejudgment interest. The plaintiff,

The Balf Company, a subcontractor, brought an action against the defendants Spera Construction Company, Inc., a general contractor, and Insurance Company of North America (INA), the surety under a performance bond, to recover for labor and materials furnished on a construction project in Bloomfield. The plaintiff successfully moved for summary judgment against both defendants. With respect to the plaintiff's claim against INA, however, the trial court, *Wagner, J.,* granted the summary judgment motion only in part. Although the court concluded that there was no factual dispute about the plaintiff's right to recover the principal amount from INA, it determined that the plaintiff's alleged entitlement to prejudgment interest from INA required a further factual inquiry. INA appealed to the Appellate Court from the summary judgment rendered against it, and we transferred its appeal here in accordance with Practice Book § 4023. The plaintiff has moved this court to dismiss INA's appeal. We conclude that the motion must be granted.

The parties do not dispute the proposition that appeals to the Appellate Court or to this court must ordinarily await the rendering of a final judgment in the trial court. General Statutes §§ 51-197a, 52-263; Practice Book § 4000; *Stroiney* v. *Crescent Lake Tax District,* 197 Conn. 82, 84, 495 A.2d 1063 (1985).[1] They do not challenge the well established rule that a summary judgment rendered upon the issue of liability only, without deciding damages, is not a final judgment from which an appeal lies. *Stroiney* v. *Crescent Lake Tax District,* supra; *Pinnix* v. *LaMorte,* 182 Conn. 342, 343,

---

[1] INA's contention that Practice Book § 4002 (b) on its face authorizes its appeal does not warrant extended discussion. That section includes, within the category of a final judgment, the granting of a summary judgment "on an entire complaint." The pivotal issue in this case is whether summary judgment has been rendered "on an entire complaint" or whether the trial court has rendered only a partial summary judgment.

438 A.2d 102 (1980).[2] Their disagreement centers upon the implication of *Paranteau* v. *DeVita,* 208 Conn. 515, 544 A.2d 634 (1988), in which this court concluded that the trial court's determination of liability and damages is a final judgment, for purposes of appeal, even though a supplemental postjudgment claim for statutory attorney's fees has not yet been resolved.

In *Paranteau* the plaintiff filed a claim against the defendant alleging, inter alia, a violation of the Connecticut Unfair Trade Practices Act (CUTPA). General Statutes §§ 42-110a through 42-110q. The plaintiff prevailed on this claim at trial and was awarded damages accordingly. Thereafter, the trial court ordered a supplemental hearing to determine the amount of attorney's fees to which the plaintiff was entitled under § 42-110g (d). The defendant filed an appeal in the Appellate Court, after the rendition of a judgment on the attorney's fee, in which he sought to challenge the merits of the judgment on the CUTPA claim. The timeliness of this appeal depended upon whether there had been a final, appealable judgment in advance of the resolution of the attorney's fee issue. This court held that "a judgment on the merits is final for purposes of appeal even though the recoverability or amount of attorney's fees for the litigation remains to be determined." Id., 523. We therefore agreed with the Appellate Court that the defendant's appeal of the judgment on the merits was properly dismissed because it had been filed too late. Id.

The question raised by the present motion is whether the rule of *Paranteau* should be extended to include a supplemental determination of prejudgment interest.

---

[2] These cases fully address INA's contention that its appeal can be characterized as an immediately appealable interlocutory appeal under *State* v. *Curcio,* 191 Conn. 27, 30, 463 A.2d 566 (1983). The present appeal concerns a ruling that neither terminates a separate and distinct proceeding nor concludes the rights of the parties relating thereto.

The plaintiff contends that *Paranteau* is distinguishable because an award of attorney's fees serves a different function than an award of prejudgment interest. The recovery of attorney's fees permits a plaintiff to defray the costs of litigation, while the recovery of prejudgment interest compensates the plaintiff for the loss suffered by INA's unjustified delay in paying funds to which the plaintiff was entitled. INA maintains, to the contrary, that *Paranteau* applies to a supplemental claim for prejudgment interest as well as to attorney's fees because we adopted a bright-line rule in that case requiring an immediate appeal after a judgment on the merits regardless of the nature of supplemental postjudgment adjudications. INA reminds us in particular that we held in *Paranteau* that "the timeliness of an appeal should [not] be based upon retrospective, technical considerations of whether a particular supplemental postjudgment claim for attorney's fees was collateral to, or an integral part of, the judgment on the merits." Id.

The rule we articulated in *Paranteau* relied on a similar holding by the United States Supreme Court in *Budinich* v. *Becton Dickinson & Co.*, 486 U.S. 196, 108 S. Ct. 1717, 100 L. Ed. 2d 178 (1988). That court revisited the subject in *Osterneck* v. *Ernst & Whinney*, 489 U.S. 169, 109 S. Ct. 987, 103 L. Ed. 2d 146 (1989). While the United States Supreme Court had held in *Budinich* v. *Becton Dickinson & Co.*, supra, 202, that a request for attorney's fees was not part of the merits of the underlying action, and hence did not postpone the finality of a judgment on the merits, the court in *Osterneck* came to a different conclusion with respect to a postjudgment motion for discretionary prejudgment interest. The court proffered three grounds for its conclusion. First, "unlike attorney's fees, which at common law were regarded as an element of costs and therefore not part of the merits judgment . . . prejudgment interest traditionally has been considered part of the compensation due [the]

plaintiff. Second, unlike a request for attorney's fees or a motion for costs, a motion for discretionary prejudgment interest does not 'rais[e] issues wholly collateral to the judgment in the main cause of action' . . . nor does it require an inquiry wholly 'separate from the decision on the merits' . . . . In deciding if and how much prejudgment interest should be granted, a district court must examine—or in the case of a postjudgment motion, reexamine—matters encompassed within the merits of the underlying action." (Citations omitted.) *Osterneck* v. *Ernst & Whinney,* supra, 175–76. Third, the conclusion that a postjudgment motion for discretionary prejudgment interest postpones the finality of a judgment on the merits "helps further the important goal of avoiding piecemeal appellate review of judgments." Id., 177.

The underlying reasoning of *Osterneck* is persuasive even though the United States Supreme Court was applying the Federal Rules of Civil Procedure, which are not identical with the statutes and rules governing appeals as a matter of state law. In this case, the trial court, as in *Osterneck,* ordered a hearing for the purpose of adjudicating a discretionary award of prejudgment interest. The plaintiff's right to such a recovery is part of its claim to be made whole. Whether it succeeds will depend upon an assessment of the underlying merits of the transaction between the parties. An appeal after a resolution of all the issues will afford an appellate court a better opportunity to review in its entirety the alleged "wrongfulness of the defendant's conduct and the plaintiff's full damages, as well as other matters of equity bearing on the merits of the litigation." Id., 177. INA's day in appellate court has not been lost; it has only been postponed.[3]

The motion to dismiss INA's appeal is granted.

---

[3] The merits of the plaintiff's entitlement to prejudgment interest are not before us at this time.