IBM CREDIT CORPORATION *v.* MARK FACEY AND
COMPANY, INC.
(15183)

Foti, Lavery and Landau, Js.

Argued January 29—officially released March 18, 1997

*John F. McKenna*, with whom, on the brief, were *Richard Goodman* and *Rebecca Lamont*, for the appellant (defendant).

*Wendy Dunne DiChristina*, with whom, on the brief, was *Thomas D. Goldberg*, for the appellee (plaintiff).

FOTI, J. The defendant appeals following the trial court's granting of the plaintiff's motion for summary judgment. On appeal, the defendant claims that the trial court improperly granted the plaintiff's motion for summary judgment because the court was presented with evidence of material facts that raise genuine issues. We conclude that no final judgment exists, and, therefore, dismiss the appeal.

The following facts and procedural history are necessary for the disposition of this appeal. In 1991, the plaintiff, IBM Credit Corporation, and the defendant, Mark Facey & Company, entered into a lease agreement by which the plaintiff was to supply computer equipment to the defendant for a period of sixty months. On March 14, 1994, the plaintiff filed a one count complaint alleging that the defendant had defaulted on the agreement and seeking payment on an accelerated rental amount due February 1, 1993, and thereafter. The defendant filed its answer and, by way of special defenses, alleged unconscionability, breach of warranty, fraud, payment, satisfaction and cancellation. In its special defenses, the defendant claimed that International Business Machines Corporation and Informational Management Associates, Inc., were agents or partners of the plaintiff and that these agents or partners sold the defendant the computer equipment and software. The defendant alleged that the lease agreement was the financial component through which this had occurred, and that the plaintiff's agents or partners had represented and warranted that the equipment would

fit the defendant's needs, but that the equipment had failed to meet those needs.

The plaintiff filed a motion for summary judgment seeking over $190,000 in damages "together with interest, attorney's fees and costs of collection in an amount to be determined." On March 24, 1995, the trial court granted the plaintiff's motion for summary judgment. Thereafter, the plaintiff filed "an application for a prejudgment remedy"[1] that the trial court granted on July 10, 1995, in the amount of $190,025.16. On September 5, 1995, the trial court denied the defendant's motion to open and modify. On September 13, 1995, the defendant appealed the trial court's granting of the summary judgment. On November 30, 1995, the trial court granted the plaintiff's motion for a hearing on the issue of attorney's fees and interest.[2] On June 12, 1996, judgment was rendered "[w]hereupon it is adjudged that Plaintiff is entitled to recover in damages $190,025.16 together with interest, attorney's fees and costs from the defendant."[3]

As a preliminary matter, we must determine whether the trial court's failure to determine the award of prejudgment interest precludes this from being an appealable final judgment. Because it is a jurisdictional defect, the lack of a final judgment implicates this court's

---

[1] The parties agree that this *postjudgment* action by the trial court was not appealed and is not part of this appeal.

[2] The record does not disclose that the trial court has determined the amount of prejudgment interest or attorney's fees to date.

[3] The judgment file is dated June 12, 1996, and was filed June 14, 1996. For the purposes of final judgment analysis, it would not appear to be of consequence that attorney's fees and costs of collection have not been determined. In *Paranteau* v. *DeVita*, 208 Conn. 515, 523, 544 A.2d 634 (1988), our Supreme Court concluded that the trial court's determination of liability and damages was a final judgment, for purposes of appeal, even though a supplemental postjudgment claim for statutory attorney's fees had not been resolved. In *Balf Co.* v. *Spera Construction Co.*, 222 Conn. 211, 214–15, 608 A.2d 682 (1992), our Supreme Court explained that an award of attorney's fees and costs was a means of defraying costs of litigation and was therefore ancillary to the main action.

authority to hear the appeal. *Preston* v. *Phelps Dodge Copper Products Co.*, 35 Conn. App. 850, 854, 647 A.2d 364 (1994). "Once the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented." (Internal quotation marks omitted.) *Cross* v. *Hudon*, 27 Conn. App. 729, 732, 609 A.2d 1021 (1992).

The record is clear that after this appeal was filed, the trial court granted the plaintiff's request to schedule a hearing as to pretrial interest. The plaintiff sought "[i]nterest on all delinquent payments commencing from the due date," pursuant to General Statutes § 37-3a.[4] Section 37-3a is "a substantive law that requires an analysis of the merits of the underlying claim. [It] allows the court, in its discretion, to award prejudgment interest for the wrongful retention of money. . . . Interest awarded pursuant to the substantive rule § 37-3a constitutes an element of the damages awarded on debts owing." (Citations omitted.) *Paine Webber Jackson & Curtis, Inc.* v. *Winters*, 22 Conn. App. 640, 651–52, 579 A.2d 545, cert. denied, 216 Conn. 820, 581 A.2d 1055 (1990).

The granting of a motion for summary judgment establishing liability for the principal amount claimed, but reserving a ruling on a claim for prejudgment interest does not constitute an appealable final judgment. *Balf Co.* v. *Spera Construction Co.*, 222 Conn. 211, 214–15, 608 A.2d 682 (1992). Such an adjudication of prejudgment interest is a discretionary award, and part of the plaintiff's claim to be made whole. Id. "[T]he conclusion that a postjudgment motion for discretionary prejudgment interest postpones the finality of a judgment on the merits 'helps further the important goal

---

[4] General Statutes § 37-3a provides in pertinent part: "Except as provided in sections 37-3b, 37-3c and 52-192a, interest at the rate of ten per cent a year, and no more, may be recovered and allowed in civil actions . . . as damages for the detention of money after it becomes payable. . . ."

of avoiding piecemeal appellate review of judgments.' [*Osterneck* v. *Ernst & Whinney*, 489 U.S. 169, 177, 109 S. Ct. 987, 103 L. Ed. 2d 146 (1989).]" *Balf Co.* v. *Spera Construction Co.*, supra, 215. We conclude that, because the trial court had not determined prejudgment interest when the defendant filed this appeal, we are without jurisdiction to hear it.

The appeal is dismissed for lack of a final judgment.

In this opinion the other judges concurred.