CHARLES D. GIANETTI *v.* LOUIS MESZOROS ET AL.
(SC 17091)

Sullivan, C. J., and Borden, Norcott, Vertefeuille and Zarella, Js.

Argued February 9—officially released April 13, 2004

*Nathalie Feola-Guerrieri,* with whom, on the brief, was *Daniel Shepro,* for the appellants (named defendant et al.).

*Charles D. Gianetti,* pro se, the appellee (plaintiff).

*Joram Hirsch* filed a brief for the Connecticut Trial Lawyers Association as amicus curiae.

*Opinion*

PER CURIAM. The plaintiff, Charles D. Gianetti, a physician, filed an eight count complaint seeking recovery of fees for medical services provided to the defendant Louis Meszoros, Jr., a minor. The other defendants were Patricia Meszoros and Louis Meszoros, the parents of the minor; Willinger, Shepro, Tower & Bucci, P.C., a law firm; and Russell Liskov, an attorney. The complaint alleged breach of contract as to Louis Meszoros and Patricia Meszoros (count one); breach of contract as to Louis Meszoros, Jr. (count two); breach of contract as to Liskov (count three); breach of contract as to Willinger, Shepro, Tower & Bucci, P.C. (count four); liability on a theory of quantum meruit as to Louis Meszoros and Patricia Meszoros (count five); unjust enrichment as to Louis Meszoros, Patricia Meszoros and Louis Meszoros, Jr. (count six); unjust enrichment as to Liskov (count seven); and unjust enrichment as to Willinger, Shepro, Tower & Bucci, P.C. (count eight). The case was referred to an attorney trial referee, who recommended that the court render judgment in favor of Liskov on counts three and seven and in favor of the plaintiff on all remaining counts of the complaint. In accordance with the referee's report, the trial court rendered judgment for the plaintiff in the amount of "$9119.07 with interest as per General Statutes § 37-3a[1] from [November 15, 1994] to [December 11, 2002] . . . ." This appeal followed.[2] We dismiss the appeal for lack of a final judgment.

---

[1] General Statutes § 37-3a provides in relevant part: "Except as provided in sections 37-3b, 37-3c and 52-192a, interest at the rate of ten per cent a year, and no more, may be recovered and allowed in civil actions or arbitration proceedings under chapter 909, including actions to recover money loaned at a greater rate, as damages for the detention of money after it becomes payable. . . ."

[2] The defendants appealed to the Appellate Court and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

In *Sears, Roebuck & Co.* v. *Board of Tax Review*, 241 Conn. 749, 765–66, 699 A.2d 81 (1997), this court held that the 10 percent interest rate set forth in § 37-3a is not a fixed rate, but rather the maximum rate of interest that a trial court, in its discretion, can award. The judgment in the present case included an award of prejudgment interest from November 15, 1994, to December 11, 2002, but the trial court did not establish the applicable rate of interest. In *Balf Co.* v. *Spera Construction Co.*, 222 Conn. 211, 214–15, 608 A.2d 682 (1992), this court concluded that a judgment on the merits was not a final judgment for purposes of appeal when there was an unresolved claim for discretionary prejudgment interest. See also *Stroiney* v. *Crescent Lake Tax District*, 197 Conn. 82, 84, 495 A.2d 1063 (1985) (judgment as to liability only, without determination of damages, is interlocutory in character and not appealable). "An appeal after a resolution of all the issues will afford an appellate court a better opportunity to review in its entirety the alleged wrongfulness of the [defendants'] conduct and the plaintiff's full damages, as well as other matters of equity bearing on the merits of the litigation." (Internal quotation marks omitted.) *Balf Co.* v. *Spera Construction Co.*, supra, 215. Accordingly, we conclude that the appeal in the present case must be dismissed for lack of a final judgment.

The appeal is dismissed and the case is remanded to the trial court for a determination of the amount of prejudgment interest to be awarded to the plaintiff.