JOHN P. NOLAN ET AL. *v.* CITY OF MILFORD
(AC 24957)

Schaller, Dranginis and McLachlan, Js.

Argued November 19, 2004—officially released January 11, 2005

*Louis J. Bonsangue,* with whom, on the brief, was *Max Stuart Case,* for the appellants (plaintiffs).

*Matthew B. Woods,* with whom, on the brief, was *Cynthia C. Anger,* assistant city attorney, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiffs, John P. Nolan and Laurel Dixon-Nolan, owners of real property in Milford, appealed to the Superior Court from the tax assessment of their property pursuant to General Statutes § 12-117a, claiming that their property was overassessed. After a full evidentiary hearing, the trial court agreed with the plaintiffs that the property had been overassessed and adjusted the assessment from the initial value of $2,546,700, set by the tax assessor for the defendant city of Milford, to $2,066,880. The court ordered the defendant to pay the plaintiffs any overpayment on the basis of the new assessment, "plus interest on the overpayment and costs." No rate of interest was specified. The plaintiffs, who argue that the true value of the property was actually $1,747,000, now appeal to this court. Although the plaintiffs face a daunting burden on appeal to convince this court that the trial court's factual findings were clearly erroneous; see *Grolier, Inc.* v. *Danbury,* 82 Conn. App. 77, 78, 842 A.2d 621 (2004); we do not reach the merits of their claim because we conclude that they have not appealed from a final judgment.

The plaintiffs sought interest pursuant to General Statutes § 37-3a, which provides for interest at the rate of "ten percent a year, and no more . . . in civil actions . . . ." That is not a fixed rate, but the maximum rate of interest that the court can, in its discretion, award.

*Sears, Roebuck & Co.* v. *Board of Tax Review*, 241 Conn. 749, 765–66, 699 A.2d 81 (1997). In *Balf Co.* v. *Spera Construction Co.*, 222 Conn. 211, 214–15, 608 A.2d 682 (1992), our Supreme Court concluded that the judgment on the merits was not a final judgment for the purpose of appeal when, as here, there is an unresolved claim for discretionary prejudgment interest.

Attempting to cure that defect, the parties in this case stipulated to a withdrawal of the interest claim. An appeal from a judgment that is not final, however, is void ab initio. See *Stroiney* v. *Crescent Lake Tax District*, 197 Conn. 82, 86 n.3, 495 A.2d 1063 (1985). Accordingly, we conclude that the appeal must be dismissed for lack of a final judgment. *Gianetti* v. *Meszoros*, 268 Conn. 424, 426, 844 A.2d 851 (2004).

The appeal is dismissed.