## JOHN ADAMS MORGAN *v.* SONJA TREMONT MORGAN
### (AC 29877)

Gruendel, Alvord and Schaller, Js.

Argued April 19—officially released June 26, 2012

*Norman A. Roberts II*, for the appellant (plaintiff).

*Louise T. Truax*, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, John Adams Morgan, appeals from the judgment of dissolution rendered by

the trial court. We dismiss the appeal for lack of a final judgment.

The judgment of dissolution provided that, pursuant to the parties' postnuptial agreement, the plaintiff owed the defendant, Sonja Tremont Morgan, alimony and child support, commencing the first of the month after the dissolution action was filed. The court ordered that the sum would "accrue with statutory interest from the date the monthly payments were due" but did not specify a rate of interest. The plaintiff appealed from the judgment of dissolution. The defendant filed a motion to clarify the judgment and thereafter filed a motion to open the judgment. On July 28, 2009, the court issued a memorandum of decision clarifying various orders and opening the judgment for two limited purposes: (1) to calculate the arrearage owed that had accrued since the close of evidence and (2) to clarify, in an evidentiary hearing, the best way to provide security for child support upon the death of the plaintiff. The plaintiff filed an amended appeal, challenging the dissolution judgment and the July 28, 2009 ruling.

We conclude, and the parties agreed at oral argument before this court, that the appeal was not taken from a final judgment. Although the judgment of dissolution included an award of prejudgment interest, the court did not establish the applicable rate of interest. In *Gianetti* v. *Meszoros*, 268 Conn. 424, 425–26, 844 A.2d 851 (2004), our Supreme Court determined that, where the trial court did not determine the rate of prejudgment interest to be awarded pursuant to General Statutes § 37-3a, the appeal was not taken from a final judgment. "The lack of [a] final judgment . . . implicates the subject matter jurisdiction of this court. . . . If there is no final judgment, we cannot reach the merits of the appeal." (Internal quotation marks omitted.) *Singhaviroj* v. *Board of Education*, 124 Conn. App. 228, 231–32, 4 A.3d 851 (2010). Accordingly, we conclude that

the appeal in the present case must be dismissed for lack of a final judgment.

Because the underlying appeal is defective for lack of a final judgment, so, too, is the amended appeal. The granting of a motion to open a nonfinal judgment cannot itself be a final judgment. See *Blue Cross/Blue Shield of Connecticut, Inc.* v. *Gurski*, 49 Conn. App. 731, 733, 715 A.2d 819 (no appeal will lie from ruling on motion to open nonfinal judgment), cert. denied, 247 Conn. 920, 722 A.2d 809 (1998); cf. *Clinton* v. *Middlesex Mutual Assurance Co.*, 37 Conn. App. 269, 271, 655 A.2d 814 (1995) (denial of plaintiffs' motion for temporary injunction not appealable final judgment; therefore, denial of motion to reconsider that order likewise nonfinal judgment).

The appeal is dismissed and the case is remanded to the trial court for a determination of the amount of prejudgment interest to be awarded to the defendant.