******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

McDONALD, J., dissenting, with whom ZARELLA, J., joins. The majority articulates several reasons why we should overrule *Lord* v. *Mansfield*, 50 Conn. App. 21, 717 A.2d 267, cert. denied, 247 Conn. 943, 723 A.2d 321 (1998), in which the Appellate Court held that a judgment is not final for purposes of appeal under General Statutes § 52-263 when there has been an award of common-law punitive damages, but a determination of the amount of such damages had not yet been made. I do not find any of these reasons persuasive. Indeed, I believe that the majority's decision adds further confusion to our law on final judgments.

The majority's principal rationale is that *Lord* is inconsistent with this court's emphasis on the benefits of bright line rules in the final judgment context as set forth in *Paranteau* v. *DeVita*, 208 Conn. 515, 522–23, 544 A.2d 634 (1988), and as expanded by *Benvenuto* v. *Mahajan*, 245 Conn. 495, 715 A.2d 743 (1998). The problem that these cases sought to avoid by adopting this bright line rule, however, was the uncertainty of ascertaining whether the particular request for attorney's fees in a given case was collateral to, or an integral part of, the judgment on the merits of the action. See *Benvenuto* v. *Mahajan*, supra, 501; *Paranteau* v. *DeVita*, supra, 523. As I explain subsequently in this dissenting opinion, punitive damages, unlike attorney's fees, are always integral to the judgment on the merits. Moreover, no such case-by-case inquiry would be necessary in any event if this court were to adopt *Lord*, because it effectively adopted a bright line final judgment rule for punitive damages.

Indeed, if this court's primary interest is in clarity and uniformity, such concerns should weigh strongly in favor of adopting the holding in *Lord*. In so doing, we would avoid the artificial distinction suggested by the majority that punitive damages might be treated differently for final judgment purposes depending on whether their source is common law, statutory, or contractual. Similarly, we would avoid differentiating the treatment of damages depending on whether they are labeled compensatory, statutory, consequential, exemplary, or punitive. It is well settled that "[a] judgment rendered only upon the issue of liability without an award of damages is interlocutory in character and not a final judgment from which an appeal lies." (Internal quotation marks omitted.) *Broadnax* v. *New Haven*, 294 Conn. 280, 297, 984 A.2d 658 (2009); accord *Balf Co.* v. *Spera Construction Co.*, 222 Conn. 211, 212, 608 A.2d 682 (1992); *Stroiney* v. *Crescent Lake Tax District*, 197 Conn. 82, 84, 495 A.2d 1063 (1985). Because common-law punitive damages "serve primarily to compensate the plaintiff for his injuries"; (internal quotation

marks omitted) *Matthiessen* v. *Vanech*, 266 Conn. 822, 826 n.5, 836 A.2d 394 (2003); accord *Bodner* v. *United Services Automobile Assn.*, 222 Conn. 480, 492, 610 A.2d 1212 (1992); it is logical to treat such damages in the same manner as other compensatory forms of damages for final judgment purposes. See *Anastasia* v. *General Casualty Co. of Wisconsin*, 307 Conn. 706, 717, 59 A.3d 207 (2013) (discussing that *Bodner* "concluded that the plain meaning of the term damages encompassed common-law punitive damages" and that "common law punitive damages are an element of damages" [internal quotation marks omitted]).

The majority also contends that *Lord* improperly relied on this court's decision in *Balf Co.* v. *Spera Construction Co.*, supra, 222 Conn. 212, which had held that there was no final judgment when the trial court had not yet ruled on a postjudgment motion for discretionary prejudgment interest. I disagree. In *Balf Co.*, this court determined that there was no appealable final judgment under such circumstances because, first, "unlike attorney's fees, which at common law were regarded as an element of costs and therefore not part of the merits judgment . . . prejudgment interest traditionally has been considered part of the compensation due [the] plaintiff. Second, unlike a request for attorney's fees or a motion for costs, a motion for discretionary prejudgment interest does not [raise] issues wholly collateral to the judgment in the main cause of action . . . nor does it require an inquiry wholly separate from the decision on the merits . . . . In deciding if and how much prejudgment interest should be granted, a district court must examine—or in the case of a postjudgment motion, reexamine—matters encompassed within the merits of the underlying action. . . . Third, the conclusion that a postjudgment motion for discretionary prejudgment interest postpones the finality of a judgment on the merits helps further the important goal of avoiding piecemeal appellate review of judgments." (Citation omitted; internal quotation marks omitted.) Id., 214–15, quoting *Osterneck* v. *Ernst & Whinney*, 489 U.S. 169, 175–77, 109 S. Ct. 987, 103 L. Ed. 2d 146 (1989). These reasons apply with equal or greater force to an award of common-law punitive damages. Because I previously have addressed the first of these reasons, and the applicability of the third reason to the holding in *Lord* is self-evident, I focus on the second reason cited in *Balf Co.* v. *Spera Construction Co.*, supra, 215.

In order to obtain an award of common-law punitive damages, the pleadings must allege and the evidence must be sufficient to allow the trier of fact to find that the defendant exhibited "a reckless indifference to the rights of others or an intentional and wanton violation of those rights." (Internal quotation marks omitted.) *Alaimo* v. *Royer*, 188 Conn. 36, 42, 448 A.2d 207 (1982); see also *Markey* v. *Santangelo*, 195 Conn. 76, 77, 485

A.2d 1305 (1985) ("[t]o furnish a basis for recovery of [common-law punitive] damages, the pleadings must allege and the evidence must show wanton or wilful malicious misconduct, and the language contained in the pleadings must be sufficiently explicit to inform the court and opposing counsel that such damages are being sought"). It is the responsibility of the *trier of fact* to determine whether such damages are to be awarded. See *Larsen Chelsey Realty Co.* v. *Larsen*, 232 Conn. 480, 517–18, 656 A.2d 1009 (1995) ("It is well settled . . . that it is the responsibility of the trier of fact to award common law punitive damages for intentional torts. *Kenny* v. *Civil Service Commission*, 197 Conn. 270, 277, 496 A.2d 956 [1985]; *Gionfriddo* v. *Avis Rent A Car System, Inc.*, 192 Conn. 280, 295, 472 A.2d 306 [1984]; *Vogel* v. *Sylvester*, 148 Conn. 666, 673, 174 A.2d 122 [1961]; *Hanna* v. *Sweeney*, 78 Conn. 492, 494, 62 A. 785 [1906]; *Bennett* v. *Gibbons*, 55 Conn. 450, 452, 12 A. 99 [1887]. This case was tried to a jury. The jury, as the trier of fact, and not the trial court, would ordinarily have had the authority to award punitive damages."); but see *Chykirda* v. *Yanush*, 131 Conn. 565, 569, 41 A.2d 449 (1945) ("punitive damages are not properly recoverable in the absence of evidence as to the elements entering into a determination of them except for those items of taxable costs of which the trial court can take judicial notice"). Because of these factors, a challenge to an award of punitive damages often will relate directly to the merits of the action. See, e.g., *Matthiessen* v. *Vanech*, supra, 266 Conn. 834 (addressing defendants' claim that trial court's charge improperly allowed jury to find punitive damages because defendant's conduct, if proven, constituted negligence, not recklessness).

Finally, the majority contends that *Lord* overlooked "the common purpose and effect of both statutory attorney's fees and common-law punitive damages, namely, to ensure the full compensation of plaintiffs in mitigation of the effects of the American rule." Again, I disagree. Despite our emphasis on the compensatory function of common-law punitive damages, as the name suggests, we also have recognized that the award serves a punitive and deterrent function. See *Anastasia* v. *General Casualty Co. of Wisconsin*, supra, 307 Conn. 709 n.2; *Waterbury Petroleum Products, Inc.* v. *Canaan Oil & Fuel Co.*, 193 Conn. 208, 237–38, 477 A.2d 988 (1984). In addition, although the two awards may compensate for the same type of expenses, that is not always the case. An award of common-law punitive damages entitles a party to *all* litigation costs, less taxable expenses; *Hanna* v. *Sweeney*, supra, 78 Conn. 494; indeed, some elements of such costs may exceed the amount of attorney's fees. See *Bridgeport Harbour Place I, LLC* v. *Ganim*, 131 Conn. App. 99, 169, 30 A.3d 703 (2011) (plaintiff awarded punitive damages in amount of $210,039, consisting of $54,600 in attorney's

fees and $155,439 for costs); see also *SVS II Partnership* v. *Patel*, Superior Court, judicial district of Hartford, Docket No. CV-05-4016571-S (January 14, 2010) (deeming it proper to award attorney's fees and experts' fees for punitive damages); *Fasi* v. *Murphy-Mancini*, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. CV-91-70 20 62 (March 5, 1992) ("[a]ttorney's fees and expert fees [litigation costs] are proper elements of punitive damages"). Depending on the source of authority for an award of attorney's fees, litigation costs may not be authorized, or such costs and fees may be limited in some manner. Compare General Statutes § 42-399 (d) (1) (authorizing reasonable attorney's fees but not providing for litigation costs) and General Statutes § 46a-82e (d) (4) (authorizing court costs and attorney's fees not to exceed total of $500), with General Statutes § 45a-667m (b) (authorizing necessary and reasonable expenses, including attorney's fees, investigative fees, court costs, communication expenses, medical examination expenses, witness fees and expenses, and travel expenses). Accordingly, I would adopt, rather than overrule, the final judgment rule in *Lord*.

I respectfully dissent.

—————————————————