******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

M. B. *v.* S. A.*

(AC 42149)

DiPentima, C. J., and Lavine and Bishop, Js.

*Syllabus*

The plaintiff appealed to this court from the judgment of the trial court denying an application for relief from abuse that he had filed, pursuant to statute (§ 46b-15), and issuing sanctions against him. On appeal, the plaintiff claimed, inter alia, that the trial court, in making certain findings, failed to consider certain facts in evidence. *Held*:

1. The trial court did not abuse its discretion in denying the plaintiff's application for relief from abuse from the defendant; the record showed that the court did, in fact, consider the evidence that the plaintiff claimed it ignored, the factual findings made by the court were supported by testimony that the court alone had the discretion to credit or to disregard, and the fact that the plaintiff disagreed with the outcome did not render the court's factual findings clearly erroneous.

2. The trial court did not abuse its discretion in issuing sanctions against the plaintiff and ordering him to pay attorney's fees to the defendant pursuant to the applicable rule of practice (§ 1-25) for filing a frivolous application; that court made it clear that it considered the plaintiff's actions throughout the course of the parties' litigation and, in the context of § 1-25, found the plaintiff's argument that he had a good faith basis for filing the application at issue to be unpersuasive.

Argued October 10—officially released December 10, 2019

*Procedural History*

Application for relief from abuse, brought to the Superior Court in the judicial district of Stamford, where the court, *Sommer, J.*, granted the application; thereafter, the court granted the defendant's motions to vacate and transfer and for reargument or reconsideration and transferred the matter to the judicial district of New Haven, where the court, *Tindill, J.*, denied the application and issued sanctions against the plaintiff, and the plaintiff appealed to this court. *Affirmed.*

*M. B.*, self-represented, the appellant (plaintiff).

*Opinion*

PER CURIAM. The self-represented plaintiff, M. B., appeals from the trial court's order denying his application for relief from abuse seeking the issuance of a domestic violence restraining order against the defendant, S. A., who he alleges has engaged in a "continuous pattern of stalking and harassment." Specifically, the plaintiff contends that the court abused its discretion in (1) denying his application for relief from abuse and (2) issuing sanctions against him pursuant to Practice Book § 1-25 for filing a frivolous application for relief from abuse. We affirm the judgment of the trial court.

The following facts, as evidenced by the record, and procedural history are relevant to our consideration of this appeal. On August 3, 2018, the plaintiff filed, pursuant to § 46b-15, an application for relief from abuse seeking a temporary restraining order against the defendant. The plaintiff alleged in the application for relief from abuse that the defendant engaged in a "clear and continuous pattern of stalking and harassment" that included incidents of her secretly photographing the plaintiff in public, and hiring a third party to surveil the plaintiff at his apartment in Greenwich. The court, *Tindill, J.*, thereafter set a hearing date for August 17, 2018. That hearing resumed on September 10, 2018, and concluded on September 11, 2018.

At the hearing, both the defendant and the self-represented plaintiff appeared, testified, and submitted evidence on the issue of the plaintiff's application for relief from abuse. The court, *Tindill, J.*, subsequently denied the plaintiff's application for relief from abuse and, pursuant to Practice Book § 1-25, issued sanctions against him for filing a frivolous General Statutes § 46b-15 application.[1] Accordingly, the plaintiff was ordered to pay the defendant's attorney's fees incurred in defending against the application. This appeal followed.[2] Additional facts and procedural history will be set forth as necessary.

Though the plaintiff has presented ten issues on appeal,[3] the substance of his claims is encapsulated within two broader claims. The plaintiff asks this court to consider whether the trial court abused its discretion in (1) denying his application for relief from abuse on the basis of the evidence presented at trial and (2) issuing sanctions in the form of attorney's fees against him for filing a frivolous § 46b-15 application. Following our review of the record, we conclude that the trial court did not abuse its discretion. We address both claims in turn.

I

The plaintiff's first claim on appeal is that the court abused its discretion in denying his application for relief from abuse from the defendant. Specifically, the plaintiff claims that the court erred in making several find-

ings by improperly considering or failing to consider certain facts in evidence. For example, the plaintiff asserts that the court "abused its power . . . in finding that the plaintiff was not terrified by the defendant." Additionally, the plaintiff contends that the court "abused its power . . . in denying [the] plaintiff's attempt to introduce exhibits/evidence of a third party stalking." The record reveals that the court did in fact admit the evidence that the plaintiff claims was not introduced. The plaintiff also argues that the court did not give the weight to the evidence that he felt it deserved. We disagree.

We first set forth the applicable standard of review. "The standard of review in family matters is well settled. An appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . . It is within the province of the trial court to find facts and draw proper inferences from the evidence presented. . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action. . . . [T]o conclude that the trial court abused its discretion, we must find that the court either incorrectly applied the law or could not reasonably conclude as it did. . . . Appellate review of a trial court's findings of fact is governed by the clearly erroneous standard of review. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Krahel* v. *Czoch*, 186 Conn. App. 22, 47, 198 A.3d 103, cert. denied, 330 Conn. 958, 198 A.3d 584 (2018).

"It is well established that [i]n a case tried before a court, the trial judge is the sole arbiter of the credibility of the witnesses and the weight to be given specific testimony . . . and the trial court is privileged to adopt whatever testimony [she] reasonably believes to be credible. . . . On appeal, we do not retry the facts or pass on the credibility of witnesses." (Internal quotation marks omitted.) *Bay Hill Construction, Inc.* v. *Waterbury*, 75 Conn. App. 832, 837–38, 818 A.2d 83 (2003).

The record reveals that the court, *Tindill, J.*, held a hearing on September 11, 2018, prior to issuing the judgment and sanctions now on appeal. The record further indicates that, at that hearing, "[t]he [c]ourt heard evidence from the plaintiff applicant and the defendant respondent. The [c]ourt took judicial notice of relevant portions of various court files, specifically pleading number 105.02, which is a July 30, 2018 excerpt of [o]rders by Judge Sommer in the Stamford-Norwalk [j]udicial [d]istrict. There were eight exhibits intro-

duced into evidence. The [c]ourt also considered proposed orders of the defendant respondent and opposing argument of the plaintiff applicant and the defendant respondent counsel." Thus, the court did consider the evidence that the plaintiff claims it ignored.

Additionally, the factual findings made by the court that the plaintiff now challenges were supported by testimony that the court alone had discretion to either credit or disregard. The fact that the plaintiff disagrees with the outcome does not render the court's factual findings clearly erroneous. Because factual findings and credibility determinations are well within the province of the trial court, the trial court did not abuse its discretion in making the factual findings it did to support its denial of the plaintiff's application in the present case.

## II

The plaintiff's second claim is that the trial court abused its discretion in sanctioning him and awarding attorney's fees to the defendant.[4] We disagree.

"[W]e review the trial court's granting of a motion for sanctions and attorney's fees for an abuse of discretion. . . . Under the abuse of discretion standard of review, [w]e will make every reasonable presumption in favor of upholding the trial court's ruling, and only upset it for a manifest abuse of discretion. . . . [Thus, our] review of such rulings is limited to the questions of whether the trial court correctly applied the law and reasonably could have reached the conclusion that it did." (Citations omitted; internal quotation marks omitted.) *Przekopski* v. *Zoning Board of Appeals*, 131 Conn. App. 178, 198, 26 A.3d 657, cert. denied, 302 Conn. 946, 30 A.3d 1 (2011).

Pursuant to Practice Book § 1-25, the trial court has the authority to impose sanctions and award attorney's fees where a party files a document that violates § 1-25 (a), which provides in relevant part that "[n]o party . . . shall bring . . . an action . . . unless there is a basis in law and fact for doing so that is not frivolous. . . ." At the September 11, 2018 hearing, the court informed the plaintiff of the following: "You have for four years—a better part of four years, represented yourself . . . quite well, better quite frankly than some attorneys that come before me. So you were not confused about this process. You are not unable to read and understand the forms . . . . So I reject out of hand your argument that [the provisions of § 1-25] don't apply to what you have done in this case."[5] The court made clear that it considered the plaintiff's actions throughout the course of the parties' litigation and, in the context of § 1-25, found the plaintiff's argument that he had a good faith basis for filing the application at issue to be unpersuasive. Accordingly, the trial court's issuance of sanctions against the plaintiff and order for him to pay attorney's fees to the defendant pursuant to § 1-25

for filing a frivolous application was not an abuse of its discretion.

The judgment is affirmed.

* In accordance with our policy of protecting the privacy interests of the victims of family violence, we decline to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

Moreover, in accordance with federal law; see 18 U.S.C. § 2265 (d) (3) (2012); we decline to identify any party protected or sought to be protected under a protective order or a restraining order that was issued or applied for, or others through whom that party's identity may be ascertained.

[1] The plaintiff previously had filed an application for relief from abuse from the defendant on May 14, 2018, in the judicial district of Stamford, which was granted by the trial court, *Sommer, J.*, after a hearing on June 19, 2018. The court issued an order of protection against the defendant with an expiration date of June 19, 2019. On July 3, 2018, the defendant filed a motion to vacate and transfer, and a motion for reargument/reconsideration, to which the plaintiff objected on July 13, 2018.

On July 30, 2018, the court heard arguments on the defendant's motion to vacate and transfer the protection order, and subsequently vacated the order and transferred the matter to the judicial district of New Haven where the parties' custody matter was pending. The matter officially was transferred on August 10, 2018.

The plaintiff interpreted "vacated and transferred" to mean that he would have to refile his application for relief from abuse in the appropriate venue and, accordingly, he filed the application at issue here in the judicial district of New Haven on August 3, 2018. The present application is virtually identical to that which Judge Sommer vacated and transferred on July 30, 2018. Both applications were adjudicated by Judge Tindill in the September 11, 2018 proceeding.

[2] The defendant did not file a brief in this appeal. On June 25, 2019, this court ordered that the appeal be considered on the basis of the plaintiff's brief and the record only.

[3] On appeal, the plaintiff claims that the court abused its power "[1] in finding that the defendant did not [stalk or harass the] plaintiff . . . [2] in finding that the defendant did not [block the] plaintiff from exiting a parking lot . . . [3] in denying [the] plaintiff's attempt to introduce exhibits/evidence of a third party stalking . . . [4] in finding that [the] plaintiff was not terrified by the defendant . . . [5] in finding that the plaintiff was not the victim of an assault by the defendant on August 22, 2014 . . . [6] in finding that [the] plaintiff's future applications for restraining order[s] shall not contain allegations [of events occurring] prior to September 11, 2018 . . . [7] in finding that [the] plaintiff purposefully [left] out certain information in his applications . . . [8] in finding that [the] plaintiff abused the [§] 46b-15 process in an attempt to have the defendant arrested . . . [9] in finding that [the] plaintiff harasses the defendant [and] [10] in finding that [the] plaintiff shall be sanctioned and pay attorney's fees for the defendant."

[4] Although the total amount of attorney's fees awarded was not yet determined by the court at the time that the plaintiff filed this appeal, the plaintiff nonetheless has appealed from a final judgment. See *Paranteau* v. *DeVita*, 208 Conn. 515, 523, 544 A.2d 634 (1988) (adopting bright line rule that "a judgment on the merits is final for purposes of appeal even though the recoverability or amount of attorney's fees for the litigation remains to be determined").

[5] The court later added, "[the defendant is asking] [w]hether or not I should sanction you under [§ 1-25] because you knew that you hadn't gotten relief in Stamford. You knew that when you go to the police—and by your own testimony [that] the goal was to get [the defendant] arrested because as you say that's the only thing you believe will stop her. That was your testimony. That's why you filed [the restraining order application] here on August 3 so I'm trying to give you an opportunity to argue why it is that you should not be sanctioned under that Practice Book section."