CONNECTICUT NATIONAL BANK *v.*
L AND R REALTY ET AL.
(14968)

Dupont, C. J., and Foti, Lavery, Landau, Heiman, Schaller, Spear and Hennessy, Js.

Argued November 29, 1995—decision released March 5, 1996

*Ann Siczewicz, Jeffrey A. Fillman,* and *Robert M. Dombroff,* in support of the motion.

*Robert G. Skelton,* in opposition to the motion.

LAVERY, J. The plaintiff in this foreclosure action moves to dismiss the defendants' appeal for lack of a final judgment on the basis of the trial court's failure to set law days. We agree with the plaintiff that the setting of law days is necessary for a final judgment to exist in a strict foreclosure action and therefore grant the motion to dismiss.

The following facts are necessary for the disposition of this motion. L & R Realty, a general partnership, executed a note and mortgage to the plaintiff. Following L & R Realty's default on the note, the plaintiff[1] brought this action to foreclose its mortgage. Also named as defendants were Raymond LeFoll and Gail LeFoll, who each personally guaranteed payment of the note to the plaintiff. The defendants jointly filed an answer, special defenses and counterclaims against the plaintiff. The trial court rendered judgment in favor of the plaintiff as to the defendants' counterclaims and ordered strict foreclosure of the mortgage, determined the amount of debt and awarded attorney's fees and an appraisal fee. This appeal followed. Thereafter, the plaintiff moved the trial court to set law days, which motion the court denied.

---

[1] Connecticut National Bank, which operated as Shawmut Bank Connecticut, N.A., at the time of this appeal, was the original plaintiff to this action.

"Generally, foreclosure means to cut off the equity of redemption, the equitable owner's right to redeem the property. See *Barclays Bank of New York* v. *Ivler*, 20 Conn. App. 163, 166, 565 A.2d 252, cert. denied, 213 Conn. 809, 568 A.2d 792 (1989); Black's Law Dictionary (6th Ed. 1990); J. Durham, 'In Defense of Strict Foreclosures: A Legal and Economic Analysis of Mortgage Foreclosure,' 36 S.C.L. Rev. 461, 473 and n.76 (1985). The equity of redemption can be cut off . . . by strict foreclosure. *Barclays Bank of New York* v. *Ivler*, supra, 166; Black's Law Dictionary (6th Ed. 1990); J. Durham, supra, 36 S.C.L. Rev. 473 and n.76." *Madison Hills Ltd. Partnership II* v. *Madison Hills, Inc.*, 35 Conn. App. 81, 90, 644 A.2d 363 A.2d (1994).

"Under our law, an action for strict foreclosure is brought by a mortgagee who, holding legal title, seeks . . . to foreclose an equity of redemption unless the mortgagor satisfies the debt *on or before his law day. Cook* v. *Bartholomew*, 60 Conn. 24, 27, 22 A. 444 (1891)." (Emphasis added.) *Barclays Bank of New York* v. *Ivler*, supra, 20 Conn. App. 166. Without the setting of law days, the time for redemption has not been limited and the parties' rights remain unconcluded as to that issue. As a result, a strict foreclosure judgment that is silent as to law days cannot be final for the purpose of appeal. See *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983).

"In a foreclosure action, the judgment must either find the issues for the defendant or determine the amount of the debt, direct a foreclosure and fix the law days. See *Zinman* v. *Maislen*, [89 Conn. 413, 416, 94 A. 285 (1915)]." *Morici* v. *Jarvie*, 137 Conn. 97, 103, 75 A.2d 47 (1950). A strict foreclosure judgment must also determine the issue of attorney's fees as they are included as part of the total debt. See *Federal Deposit Ins. Corp.* v. *Voll*, 38 Conn. App. 198, 201, 660 A.2d 358, cert. denied, 235 Conn. 903, 665 A.2d 901 (1995); D.

Caron, Connecticut Foreclosures (2d Ed. 1989) § 14.08, p. 225.

Because the court's decision in this case does not include the setting of law days, it is not a final judgment for the purpose of appeal. "The lack of a final judgment is a jurisdictional defect that requires that we dismiss the appeal." *Essex Savings Bank* v. *Frimberger*, 26 Conn. App. 80, 81, 597 A.2d 1289 (1991), citing *Stroiney* v. *Crescent Lake Tax District*, 197 Conn. 82, 86, 495 A.2d 1063 (1985).

The plaintiff's motion to dismiss the appeal is granted.

In this opinion the other judges concurred.