## EMIL V. BENVENUTO *v.* RAMESH MAHAJAN ET AL.
## (SC 15927)

Callahan, C. J., and Borden, Norcott, Katz and Palmer, Js.

Argued June 2—officially released July 21, 1998

*Kenneth R. Davis*, for the appellants (named defendant et al.).

*Christopher B. Carveth*, for the appellee (plaintiff).

*Opinion*

BORDEN, J. This case is before this court on our own order to show cause, if any, why the appeal should not be dismissed for lack of a final judgment. The question posed by the order is whether, in an action for strict foreclosure, the lack of a determination by the trial court of attorney's fees deprives this court of subject matter jurisdiction over the appeal because the trial court decision appealed from was not a final judgment. We answer the question in the negative.

The facts are not in dispute. In 1995, the defendants, Ramesh Mahajan and Rupila Mahajan,[1] executed a note in the amount of $1,000,000 in favor of the plaintiff, Emil Benvenuto, secured by a mortgage on property located in the town of Orange. After the defendants defaulted on the note in 1997, the plaintiff brought this foreclosure action. On February 20, 1988, the trial court, *Curran, J.*, found that the note had not been paid, that the amount of the debt was $1,038,369, and that the plaintiff was entitled to attorney's fees of an undetermined amount. The court noted that it was reserving a decision on the amount of the attorney's fees until the plaintiffs filed a motion for attorney's fees. The trial court also set law days to begin on March 29, 1998. On

---

[1] A third defendant, Shiva Petroleum, Inc., also executed the promissory note. Subsequently, however, Shiva Petroleum, Inc., filed for bankruptcy, and the plaintiff withdrew the action against it. A fourth defendant, Gulf Oil Limited Partnership, is a subsequent encumbrancer to the plaintiff's mortgage. Hereafter, we refer to Ramesh and Rupila Mahajan as the defendants.

March 6, 1998, the plaintiff filed a motion for attorney's fees in the amount of $17,729.75.

On March 11, 1998, however, before the trial court had acted on the motion for attorney's fees,[2] the defendants filed this appeal in the Appellate Court. We subsequently transferred the appeal to this court, pursuant to Practice Book § 65-1 and General Statutes § 51-199c, in order to resolve the final judgment question resulting from the tension between our decision in *Paranteau* v. *DeVita*, 208 Conn. 515, 544 A.2d 634 (1988), and certain decisions of the Appellate Court; see, e.g., *Connecticut National Bank* v. *L & R Realty*, 40 Conn. App. 492, 671 A.2d 1315 (1996); *Essex Savings Bank* v. *Frimberger*, 26 Conn. App. 80, 597 A.2d 1289 (1991); regarding the finality of a judgment on the merits where a determination of attorney's fees is yet to be made.

In *Paranteau*, on May 27, 1987, the trial court rendered a judgment on the merits in favor of the plaintiffs on their claim under the Connecticut Unfair Trade Practices Act (CUTPA). General Statutes §§ 42-110a through 42-110q. In connection with that judgment, the court granted the plaintiffs an award of attorney's fees under § 42-110g (d), but delayed the determination of the amount of the fees. On June 18, 1987, the trial court awarded attorney's fees in the amount of $2580, and on June 26, 1987, the defendant appealed to the Appellate Court from both the judgment on the merits and the award of attorney's fees. *Paranteau* v. *DeVita*, supra, 208 Conn. 517–18. On July 1, 1987, the plaintiffs moved

---

[2] The parties informed this court during oral argument that the trial court has not acted on the motion, apparently because of the pendency of this appeal. We note, however, that the filing of an appeal in a case does not deprive the trial court of jurisdiction over the case to render whatever orders it deems appropriate. See Practice Book § 61-9; *Ahneman* v. *Ahneman*, 243 Conn. 471, 482, 706 A.2d 960 (1998) ("[i]t is well established that a trial court maintains jurisdiction over an action subsequent to the filing of an appeal"), and cases cited therein.

to dismiss the appeal on the ground that the final judgment, for purposes of appeal, had been rendered on May 27, 1987, notwithstanding the absence on that date of a determination of the amount of the attorney's fees, and that, therefore, the appeal was untimely under Practice Book § 4009,[3] now § 63-1.

The Appellate Court agreed with the plaintiffs, and dismissed the appeal without issuing an opinion. Upon our grant of certification, the defendant appealed to this court from the judgment of dismissal by the Appellate Court.

We agreed with the Appellate Court. We held "that a judgment on the merits is final for purposes of appeal even though the recoverability or amount of attorney's fees for the litigation remains to be determined." *Paranteau* v. *DeVita*, supra, 208 Conn. 523. In arriving at that conclusion, we surveyed the decisions of the federal Courts of Appeals, which had been divided between two approaches. The minority view was to analyze "each case individually to determine whether attorney's fees were 'collateral' to the main cause of action, in which case they would not preclude the finality and appealability of a judgment on the merits . . . ." Id., 520. The majority view was to adopt "a bright-line approach . . . through the implementation of a uniform rule stating that an unresolved issue of attorney's fees does not prevent a judgment on the merits from being final and immediately appealable." Id.

We then noted that the United States Supreme Court had recently resolved the federal conflict of authority in favor of the bright line approach, in the case of

[3] Practice Book, 1988, § 4009 (now § 63-1), provides in relevant part: "The party appealing shall, within twenty days, except where a different period is provided by statute, from the issuance of notice of the rendition of the judgment or decision from which the appeal is taken file an appeal in the manner prescribed by Sec. 4012 . . . ."

*Budinich* v. *Becton Dickinson & Co.*, 486 U.S. 196, 108 S. Ct. 1717, 100 L. Ed. 2d 178 (1988). *Paranteau* v. *DeVita*, supra, 208 Conn. 520. "[T]he *Budinich* court emphasized that the time of appealability, because of its jurisdictional consequences, should above all be clear, and that courts and litigants were best served by a bright-line rule that a decision on the merits is a final judgment for purposes of appeal even though the recoverability or amount of attorney's fees for the litigation remains to be determined." Id., 522.

We opted for a bright line rule as well, stating: "From the standpoint of efficient judicial administration, we conclude that a bright-line rule is far superior to the case-by-case approach. We agree with the United States Supreme Court that, because it has jurisdictional consequences, the time of appealability should above all be clear. *Budinich* v. *Becton Dickinson & Co.*, [supra, 486 U.S. 202–203]. A bright-line rule provides notice that decisions on the merits and those on attorney's fees will be treated separately, giving clear guidance as to when an appeal on the merits must be taken. We do not believe the timeliness of an appeal should be based upon retrospective, technical considerations of whether a particular supplemental postjudgment claim for attorney's fees was collateral to, or an integral part of, the judgment on the merits. Such a case-by-case approach promotes, rather than eliminates, uncertainty as to when an appeal on the merits must be taken." *Paranteau* v. *DeVita*, supra, 208 Conn. 522–23. We determined, therefore, that the judgment on the merits had been final for purposes of appeal, despite the outstanding issue of the attorney's fees, and, accordingly, we concluded that "that portion of the defendant's June 26, 1987 appeal challenging the trial court's May 27, 1987 judgment on the merits was properly dismissed by the Appellate Court as untimely in violation of Practice Book § 4009 . . . ." Id., 523.

We then turned to "the separate question of the timeliness of the defendant's appeal of the trial court's supplemental postjudgment order determining the amount of attorney's fees to be awarded the plaintiffs under their CUTPA claim." Id. We concluded "that such an order may raise a collateral and independent claim that is separately appealable as a final judgment." Id.

The Appellate Court, however, has apparently taken the position that, without a determination of the amount of the attorney's fees, a judgment of strict foreclosure does not constitute a final appealable judgment. In *Connecticut National Bank* v. *L & R Realty*, supra, 40 Conn. App. 495, the trial court had rendered a judgment of strict foreclosure, had determined the amount of the debt, and had awarded attorney's fees and appraisal fees, but had not set the law days. The Appellate Court dismissed the defendants' appeal for lack of a final judgment, based on the lack of law days. Id. In the course of its decision, the court stated: "In a foreclosure action, the judgment must either find the issues for the defendant or determine the amount of the debt, direct a foreclosure and fix the law days. See *Zinman* v. *Maislen*, [89 Conn. 413, 416, 94 A. 285 (1915)]. *Morici* v. *Jarvie*, 137 Conn. 97, 103, 75 A.2d 47 (1950). A strict foreclosure judgment must also determine *the issue of attorney's fees* as they are included as part of the total debt. See *Federal Deposit Ins. Corp.* v. *Voll*, 38 Conn. App. 198, 201, 660 A.2d 358, cert. denied, 235 Conn. 903, 665 A.2d 901 (1995); D. Caron, Connecticut Foreclosures (2d Ed. 1989) § 14.08, p. 225." (Emphasis added; internal quotation marks omitted.) *Connecticut National Bank* v. *L & R Realty*, supra, 494–95; see also *Midstates Resources Corp.* v. *Collum*, Appellate Court, Docket No. AC 16307 (January 15, 1997) (dismissal, without opinion by Appellate Court of appeal from judgment of strict foreclosure for lack of determination of attorney's fees).

We acknowledge the analytical appeal of the position of the Appellate Court. In a strict foreclosure case, until the amount of attorney's fees is set by the court, the total amount of the debt is not fully determined, and any party wishing to redeem on his or her law day will not know precisely how much to pay in order to do so. That reasoning argues with considerable persuasiveness for a conclusion that, in such a case, there is no final judgment for purposes of appeal until attorney's fees are determined. Thus, a judgment of strict foreclosure that does not contain a determination of attorney's fees does not fit comfortably with traditional notions of finality.

We conclude, nonetheless, that the bright line rule that we articulated in *Paranteau* applies as well to a strict foreclosure case . First, that is ordinarily what having a bright line test means: it applies across the board, even to cases that might not seem particularly apt for it. Thus, it attempts to relieve the parties who must live under it from the task of determining on a case-by-case basis when it applies and when it does not.

Second, the reasoning underlying *Paranteau* applies in the present case. The gist of that reasoning is that it is more efficient, for the courts and the parties, to have a bright line rule because a case-by-case approach as to whether a claim for attorney's fees is collateral or integral to a judgment on the merits "promotes, rather than eliminates, uncertainty as to when an appeal on the merits must be taken." *Paranteau* v. *DeVita*, supra, 208 Conn. 523. With a bright line rule that a judgment on the merits is final for purposes of appeal, notwithstanding that a determination has not yet been made regarding the recoverability or amount of attorney's fees, the parties and the courts will not be burdened with having to decide how the claim for attorney's fees fits, or does not fit, with the judgment on the merits.

In this connection, we acknowledge that part of the reasoning of *Paranteau* rested on the notion that the time of appealability "has jurisdictional consequences"; id., 522; and that we have since clarified that the twenty day time period for filing an appeal, as provided by Practice Book § 63-1, formerly § 4009, is not subject matter jurisdictional. See *Ambroise* v. *William Raveis Real Estate, Inc.*, 226 Conn. 757, 762–63, 628 A.2d 1303 (1993). We also acknowledge that the bright line rule of *Paranteau* can be read narrowly, so as to apply only to those claims for attorney's fees that arise in postjudgment proceedings, such as are contemplated by CUTPA, the statute at issue in that case. These considerations are not sufficient, however, to outweigh the advantages of having and applying a bright line rule regarding whether an outstanding determination of attorney's fees undermines the finality of a judgment on the merits that is otherwise final.

There are numerous contexts in which attorney's fees may be awarded, including foreclosure actions, actions on notes or other contracts with attorney's fees clauses, and statutory claims that carry with them the potential for an award of attorney's fees. In *Paranteau*, we recognized that in some cases the fees would be integral to the judgment on the merits and in others they would be collateral to it. *Paranteau* v. *DeVita*, supra, 208 Conn. 523. By opting for a bright line rule, we implicitly recognized that there would be some cases—indeed, this is such a case—in which the application of the bright line would mean that an attorney's fees award that would otherwise be considered integral to the judgment on the merits would nevertheless be severable from that judgment for purposes of finality.

Furthermore, reading *Paranteau* narrowly, so as to apply only to a "supplemental postjudgment claim for attorney's fees"; id.; would require the court and parties in each case to determine whether the claim fit within

that category. That necessity would significantly reduce the value of having a bright line rule, which consists largely of the rule's clarity and, therefore, its efficiency for both the court and the parties.

What this court stated in *Paranteau* bears repeating here: "We are aware that the [rule] we have today adopted may, in some cases, lead to 'piecemeal' appeals of judgments on the merits and awards of attorney's fees. The problem of fragmented appeals, however, may be averted if trial judges delay rendering judgment on the merits until the fee issue is resolved and dispose of both the merits and attorney's fees in a single judgment. . . . If for some reason the question of attorney's fees must be decided *after* the entry of judgment on the merits, we suggest that the trial court insist upon the prompt filing and disposition of fee requests so that any pending appeal on the merits of the action may be amended to include any prospective appeal from a supplemental postjudgment award of attorney's fees. Practice Book § 4006 [now § 61-9]." (Emphasis in original.) *Paranteau* v. *DeVita*, supra, 208 Conn. 524.

Thus, in the present case, if the trial court had delayed rendering its judgment of strict foreclosure until it had resolved the amount of attorney's fees, there would not have been a piecemeal appeal. Furthermore, having postponed that determination until after the entry of the judgment of strict foreclosure, the court should have promptly decided the question of the attorney's fees, so that, if the defendants wanted to challenge that decision in this appeal, they could then have amended the appeal to include that challenge.

We repeat that the twenty day time period for filing an appeal, provided by Practice Book § 63-1, is not subject matter jurisdictional. Thus, in those rare cases in which, for some reason, the trial court does not delay rendering the judgment on the merits until attorney's

fees are determined, and the party appealing, for some reason, delays filing his appeal until that determination has been made, the appellate tribunal would have the discretion to permit a late appeal pursuant to Practice Book § 60-2.[4]

Finally, we note that our conclusion does not affect our conclusion in *Paranteau* that a "trial court's . . . postjudgment order determining the amount of attorney's fees . . . is separately appealable as a final judgment." *Paranteau* v. *DeVita*, supra, 208 Conn. 523. Thus, in those rare cases in which the trial court renders a judgment with respect to the size of the attorney's fees after rendering a judgment on the merits, a party who does not wish to appeal the judgment on the merits, but does wish to appeal the judgment on the attorney's fees, may do so within the time period prescribed by Practice Book § 63-1.

The order to show cause is dismissed, and the appeal shall remain on the docket.

In this opinion the other justices concurred.

---

[4] We note that a similar procedural scenario in *Paranteau* resulted in what the court deemed to be the required *dismissal* of the late-filed appeal of the judgment on the merits. *Paranteau* v. *DeVita*, supra, 208 Conn. 523. That result would no longer be required, however, because we have now clarified that the rules of practice time limit for filing an appeal is not jurisdictional. Thus, that aspect of *Paranteau* has been overtaken by our

subsequent jurisprudence. See *Ambroise* v. *William Raveis Real Estate, Inc.*, supra, 226 Conn. 762–63.