[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER RE: Motion for Order — Post Judgment (128) And Motion to Reopen Judgment to Determine Debt (129)
The judgment of strict foreclosure, as reopened and modified on June 10, 2002, is reopened and the debt is found as follows:
Debt: $ 100,104.03 (as of 8/13/01)
 Attorneys' fees awarded by the court: 2,880.00
Costs awarded by the court: 1,132.90
 Per Diem interest from 8/14/01 — 9/3/02, 386 days @ $23.95: 9,244.70
Additional Insurance: 1,496.00
Property Inspections: 15.50
Additional Appraisals: 110.00
Additional Title Reports: 150.00
Total: $115,133.13
The court has calculated the interest owed based on the interest rate established in the note rather than pursuant to General Statutes §37-3a since the note sets the interest rate to be paid before and after CT Page 11071 any default and until the full amount of principal has been paid. See, D. Caron, Connecticut Foreclosures, (3d Ed. 1997), § 8.03B, p. 212; complaint, Exhibit A, paragraph 2. Under the judgment of strict foreclosure the Defendant has until the law day to satisfy her debt before her equity of redemption is foreclosed. Connecticut National Bankv. L R Realty, 40 Conn. App. 492, 494 (1996). The debt to be satisfied is that set forth in the mortgage note.
The court has also included additional expenses incurred by the Plaintiff, over the objection of the Defendant, since the note provides that the Defendant will pay the Plaintiff "its costs and expenses." Complaint, Exhibit A, paragraph 7. In addition, as the Defendant notes in her objection to the Plaintiff's Motion to Reopen, until the property is redeemed, the Plaintiff has the right to ask that the judgment be reopened and modified. Because of the dispute between the parties as to the amount of the debt, for which both parties requested the guidance of the court, the property has not yet been redeemed.
All other orders remain as previously entered.
________________, J. J. Scholl CT Page 11072