******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

THE DOYLE GROUP *v.* ALASKANS FOR CUDDY
(AC 36900)

Keller, Mullins and Kahn, Js.

*Argued October 27, 2015—officially released March 29, 2016*

(Appeal from Superior Court, judicial district of
Litchfield, Roche, J.)

*James P. Sexton*, with whom were *Michael S. Taylor*
and, on the brief, *Matthew C. Eagan*, for the appellants (defendants).

*Robert P. Hanahan*, with whom, on the brief, was
*Terrence D. Mariani*, for the appellee (plaintiff).

*Opinion*

MULLINS, J. The defendants, Alaskans for Cuddy and David Cuddy,[1] appeal from the judgment of the trial court, supplementing its original judgment by adding contractual prejudgment interest and contractual attorney's fees to the damages awarded to the plaintiff, The Doyle Group, Inc. The defendants claim that the court improperly supplemented its judgment because (1) the plaintiff waived its right to request contractual prejudgment interest and attorney's fees, and (2) the court had no authority to award the interest and fees because it was required to open the judgment in order to do so, and more than four months had passed since it rendered judgment.

In the alternative, the defendants claim that the judgment forming the basis of the earlier appeal of this case; see *Doyle Group* v. *Alaskans for Cuddy*, 146 Conn. App. 341, 77 A.3d 880 (2013); was not final and the case was not ripe for appeal until the trial court ruled on the plaintiff's claim for contractual prejudgment interest and contractual attorney's fees, and that, therefore, our decision in the earlier appeal is void.[2] We affirm the judgment of the trial court.

The following facts and procedural history, as set forth in the previous appeal, inform our review. "The plaintiff is a Connecticut based political consulting firm located in Hartford. In late 2007 into early 2008, Cuddy contemplated running in Alaska as a candidate for the United States Senate against then Senator Theodore 'Ted' Stevens. In late February, 2008, following discussions between Cuddy and a principal of the plaintiff, Thomas J. D'Amore, Jr., the plaintiff's president, John A. Doyle, sent a proposed contract to Cuddy, who signed the contract on March 1, 2008. Cuddy sent the contract to the plaintiff in Connecticut along with his personal check for $10,000. On March 5, 2008, Doyle signed the contract and deposited Cuddy's check in the plaintiff's Webster Bank account.

"The first paragraph of the contract identifies the plaintiff and its address in Hartford. Among other things, the contract provides: 'The first $10,000 payment shall be due on or before March 3, 2008 and subsequent payments on the first day of each of the succeeding months for which this Contract is in force. . . .

" 'It is understood and agreed that the foregoing payments are to cover all in-state expenses of [the plaintiff]. . . . Amounts incurred for out-of-state activities and/ or for expenses for the retention of [nonplaintiff] legal or other professional services shall only be reimbursed by the Client if he approves such expenses in writing in advance.

" 'This Contract is effective March 3, 2008 and shall be in force for 3 months.'

"In March and April, 2008, the plaintiff performed consulting work from Connecticut for the defendants. Consulting services were provided via numerous e-mails and telephone calls to Cuddy and his agents. The relationship between Cuddy and the plaintiff deteriorated, however, and Cuddy terminated the contract on April 10, 2008, without further payment to the plaintiff." Id., 343–44.

The plaintiff brought an action against the defendants seeking, among other relief, "costs, interest, and legal fees as provided for by the contract." Attached to the plaintiff's complaint was a copy of the parties' contract, which provided in relevant part: "In return for such services the Client agrees to pay [the plaintiff] $10,000 per month for each month this Contract is in force. The first $10,000 payment shall be due on or before March 3, 2008 and subsequent payments on the first day of each of the succeeding months for which this Contract is in force. Any payment not made within 60 days after it is due shall bear interest at the annual rate of 8 [percent]. If the Client does not make any payment within 30 days after it is due, [the plaintiff has] the right to terminate this Contract, and/or to require the Client to pay immediately all amounts then due plus the entire remainder of fees for the balance of the month term. The Client shall also be responsible for legal fees (not to exceed 33 [percent] of any overdue amount) incurred by [the plaintiff] in order to collect amounts due under this Contract."

In January, 2012, the case was tried to a jury. During opening statements on January 4, 2012, the plaintiff's attorney explained to the jury that the plaintiff was "seeking the $20,000 that he . . . claim[ed] [was] still owe[d] on the contract . . . and [that] there [was] also a provision in the contract . . . for interest on the overdue balances and for lawyer's fees." The plaintiff submitted to the court a request to charge, dated January 3, 2012, which included an instruction on both contractual attorney's fees and contractual prejudgment interest. Following the close of evidence on January 6, 2012, the court explained to counsel that it wanted to "put on the record [their] understanding concerning certain aspects of the contract involving attorney's fees and interest after argument, and [that it would] make that part of [its] instructions to the jury concerning those two items at the appropriate time."[3]

When reading its closing instructions to the jury, the court removed the issue of contractual interest and attorney's fees from the jury's consideration, by instructing: "Now, in this particular contract, there are provisions relating to interest and attorney's fees that may be awarded. You are not to take into consideration in this matter, during your deliberations, either one of those provisions, nor render any decision concerning those two particular items."

Later, "[t]he jury returned a verdict in favor of the plaintiff on all counts and awarded the plaintiff $20,000 in damages as to both defendants. The court, *Roche, J.*, denied the defendants' subsequent motion to set aside the verdict [on April 16, 2012, and it rendered judgment in accordance with the verdict that same day]." *Doyle Group* v. *Alaskans for Cuddy*, supra, 146 Conn. App. 344. The defendants then appealed, and, on October 8, 2013, we affirmed the judgment of the trial court. Id., 354.

While that appeal was pending, however, the plaintiff, on October 2, 2012, filed a motion for supplemental judgment with the trial court, requesting that the court add $13,797.11 to its judgment "in accordance with the provisions of the underlying contract, which entitles the plaintiff to interest of 8 percent on the overdue amount of $20,000 and legal fees not to exceed 33 percent, i.e., $6666.66, as provided for in the contract." The defendants, on October 11, 2012, then filed an objection to the plaintiff's motion for supplemental judgment on the grounds that the trial court lacked statutory authority to entertain the motion, and that the judgment on the jury verdict was final and, therefore, could not be altered by adding fees and interest.

The plaintiff filed an amended motion for supplemental judgment on December 10, 2013, seeking additional interest. Thereafter, the court permitted the defendants an extension of time to respond, and the defendants, on March 4, 2014, filed an objection to the plaintiff's amended motion. In their memorandum in support of their objection, the defendants argued that the award of prejudgment interest is discretionary, that the plaintiff waived its right to *postjudgment* interest[4] and that the court did not have the authority to open the judgment more than 120 days after rendering a judgment on the merits. On March 6, 2014, the defendants filed a supplemental memorandum in support of their objection, arguing that, pursuant to General Statutes § 52-212a,[5] the court did not have authority to open the judgment as to the plaintiff's request for contractual attorney's fees.

On March 24, 2014, the court, *Roche, J.*, conducted a hearing on the plaintiff's motion for supplemental judgment. After the hearing, the court ordered the parties to submit simultaneous supplemental posthearing briefs, which they provided. In their posthearing memorandum, the defendants argued (1) that the court had no authority to open the judgment pursuant to § 52-212a, (2) that prejudgment interest may only be awarded if money is withheld wrongfully, and that the jury needed to make such a finding, (3) that attorney's fees can be awarded only on the basis of bad faith, and (4) that the award of *postjudgment* interest is an equitable matter.[6]

On April 14, 2014, Judge Roche issued a memorandum

of decision in which he rendered a supplemental judgment in favor of the plaintiff. Specifically, the court awarded the plaintiff $6161 for prejudgment interest and $6000 for attorney's fees; the court also ordered postjudgment interest. Judge Roche explained that the original judgment did not need to be opened because this matter was ancillary, and the court retained jurisdiction for purposes of awarding prejudgment interest and attorney's fees pursuant to the parties' contract. On April 28, 2014, the defendants filed a motion to reargue and reconsider, which the court, on May 23, 2014, denied. This appeal followed. Additional facts will be set forth as necessary.

I

We first consider the defendants' claim regarding whether the trial court's judgment of April 16, 2012, was final for purposes of the previous appeal if there remained an outstanding issue of contractual prejudgment interest and contractual attorney's fees, and, consequently, whether our opinion in *Doyle Group* v. *Alaskans for Cuddy*, supra, 146 Conn. App. 341, was void. We conclude, pursuant to *Ray Haluch Gravel Co.* v. *Central Pension Fund of the International Union of Operating Engineers & Participating Employers*, U.S.   , 134 S. Ct. 773, 777, 187 L. Ed. 2d 669 (2014), and *Hylton* v. *Gunter*, 313 Conn. 472, 97 A.3d 970 (2014), that the court's later determination of contractual attorney's fees and contractual prejudgment interest did not affect the finality of the judgment on the jury's verdict for appeal purposes. Accordingly, there was no final judgment problem that rendered void our decision in the earlier appeal.

"As a preliminary matter, we set forth the standard of review. The lack of a final judgment implicates the subject matter jurisdiction of an appellate court to hear an appeal. A determination regarding . . . subject matter jurisdiction is a question of law . . . [and, therefore] our review is plenary. . . .

"The right of appeal is accorded only if the conditions fixed by statute and the rules of court for taking and prosecuting the appeal are met. . . . It is . . . axiomatic that, except insofar as the legislature has specifically provided for an interlocutory appeal or other form of interlocutory appellate review . . . appellate jurisdiction is limited to final judgments of the trial court. . . .

"It is well settled that a judgment rendered only upon the issue of liability without an award of damages is interlocutory in character and not a final judgment from which an appeal lies. . . . Nevertheless, a judgment on the merits is final for purposes of appeal even though the recoverability or amount of attorney's fees for the litigation remains to be determined." (Citations omitted; internal quotation marks omitted.) *Hylton* v. *Gunter*,

supra, 313 Conn. 478–79; see also *Benvenuto* v. *Mahajan*, 245 Conn. 495, 501, 715 A.2d 743 (1998) (recognizing that attorney's fees award is not part of supplemental postjudgment claim, but, rather, is integral to strict foreclosure judgment on merits still held to be severable from that judgment on merits for purposes of finality).

In *Hylton*, the trial court had rendered judgment in favor of the plaintiff, and it awarded compensatory damages in the amount of $342,648. *Hylton* v. *Gunter*, supra, 313 Conn. 475. The trial court also found that the plaintiff was entitled to punitive damages in the form of attorney's fees, and it instructed the plaintiff to file an affidavit of fees within thirty days. Id. In the meantime, however, the defendant filed an appeal. Id. More than one month later, the trial court awarded the plaintiff $23,400 in punitive damages, in the form of attorney's fees. Id. The Appellate Court then concluded that, at the time the appeal was filed, there was no final judgment because the issue of punitive damages had not been resolved before the appeal was taken, and it dismissed the appeal. Id., 476–77.

Following certification by our Supreme Court, the defendant argued that "there was a final judgment . . . because all that remained for the trial court to do was set the amount of attorney's fees, despite the fact that those fees were awarded in the context of common-law punitive damages rather than pursuant to a statute." Id., 477. Guided by *Budinich* v. *Becton Dickinson & Co.*, 486 U.S. 196, 201, 108 S. Ct. 1717, 100 L. Ed. 2d 178 (1988), our Supreme Court agreed that the outstanding issue of attorney's fees as punitive damages did not affect the finality of the judgment for purposes of appeal. *Hylton* v. *Gunter*, supra, 313 Conn. 483–84; see also *Paranteau* v. *DeVita*, 208 Conn. 515, 522–23, 544 A.2d 634 (1988) (adopting bright line rule that decision on merits is final judgment for purposes of appeal even though recoverability or amount of attorney's fees for litigation remains to be determined, and concluding "[w]e do not believe the timeliness of an appeal should be based upon retrospective, technical considerations of whether a particular supplemental postjudgment claim for attorney's fees was collateral to, or an integral part of, the judgment on the merits"). Our Supreme Court explained that the court in *Budinich* had reasoned that "common-law punitive damages are akin to statutorily authorized attorney's fees in practicality and purpose, insofar as both provide the same relief and serve the same function," and, as such, the fact that they are awarded postjugment does not affect the finality of the underlying judgment. (Internal quotation marks omitted.) *Hylton* v. *Gunter*, supra, 485–87.

In concluding that the underlying judgment in the present case was a final judgment for appeal purposes, we also are guided by a more recent decision of the

United States Supreme Court, which also was cited in *Hylton.* See id., 479 n.7. Specifically, in *Ray Haluch Gravel Co.* v. *Central Pension Fund of the International Union of Operating Engineers & Participating Employers*, supra, 134 S. Ct. 777 (*Haluch*), the Supreme Court further extended the final judgment rule from attorney's fees based on statute to those fees and costs awarded pursuant to contractual provisions. The court held: "Whether the claim for attorney's fees is based on a statute, a contract, or both, the pendency of a ruling on an award for fees and costs does not prevent, as a general rule, the merits judgment from becoming final for purposes of appeal." Id.

In *Haluch*, the plaintiffs had requested, inter alia, attorney's fees in accordance with the parties' contract. Id. Because the respondents, if successful on their claims, could recover attorney's fees under either the federal statute or under the parties' collective bargaining agreements, the trial court "gave the [plaintiffs] the option to offer a submission with regard to fees along with their proposed findings of fact and conclusions of law, or to wait to see if [it found] in [the plaintiffs'] favor and [to] submit the fee petition later on." (Internal quotation marks omitted.) Id., 777. The plaintiffs moved for fees under the federal statute and pursuant to the agreements of the parties. Id., 777–78. Following the court's June 17, 2011 judgment in favor of the plaintiffs, in the amount of $26,897.41, it issued a ruling awarding attorney's fees and costs on July 25, 2011. Id., 778. On August 15, 2011, the plaintiffs appealed from both decisions, and the defendant then cross appealed. Id.

On appeal, the defendant argued that the plaintiffs' appeal from the June 17, 2011 judgment was untimely because the outstanding issue regarding attorney's fees and costs under the contract had not stayed the finality of the underlying judgment for appeal purposes. Id. The Court of Appeals disagreed and held that the judgment was not final until the attorney's fees and costs portion of the judgment had been rendered. Id. The defendant requested and was granted certification by the Supreme Court on the question of "whether and when an unresolved issue of attorney's fees based on a contract prevents a judgment on the merits from being final." Id., 778–79. The plaintiffs argued before the Supreme Court that "unresolved claims for attorney's fees authorized by contract, unlike those authorized by statute, are not collateral for finality purposes, [and that] the claim left unresolved as of June 17 included fees incurred prior to the commencement of formal litigation and that those fees, at least, fall beyond the scope of *Budinich*." Id., 780.

The Supreme Court disagreed and concluded that the judgment on the merits was final for purposes of appeal on June 17, 2011, and, accordingly, that the plaintiffs'

appeal from that judgment was untimely. Id., 780, 783. The court further determined that fees other than attorney's fees that are part of the incidental fees and costs being sought following judgment also would not affect the finality of the judgment on the merits for purposes of appeal. Id., 782–83. The court cited as examples of costs and fees that would not affect finality of judgment on the merits things such as auditor's fees, other nonattorney professional fees, additional litigation expenses, such as expert fees, other statutorily entitled fees, and fees that were incurred prior to the start of litigation. Id. Similar to the plaintiffs in *Haluch*, the plaintiff in the present case was not entitled to contractual attorney's fees or contractual prejudgment interest without first proving that the defendants were in violation of the parties' contract by failing to pay amounts owed.

Here, the plaintiff's entitlement to contractual prejudgment interest and contractual attorney's fees was based on a specific provision of the parties' contract that provided for the award of such fees and costs upon proof that the defendants had not remitted payment to the plaintiff in accordance with the terms of the contract. The plaintiff's entitlement to these fees was not discretionary, and the method of calculation was set forth in the contract. The plaintiff proved the defendants' breach of the contract to the satisfaction of the jury. The jury then returned a verdict in favor of the plaintiff in the full amount. Upon the court's acceptance of that verdict and its denial of the defendants' motion for directed verdict, the court rendered judgment in favor of the plaintiff.

Thus, in accordance with *Hylton* v. *Gunter*, supra, 313 Conn. 487, and *Haluch*, supra, 134 S. Ct. 777, we conclude that, regardless of whether the issue of contractual prejudgment interest and contractual attorney's fees remained outstanding, the court's April 16, 2012 judgment was final for purposes of appeal. A judgment on the merits of the case had been rendered, and the issue of contractual attorney's fees and contractual prejudgment interest did not affect the finality of that judgment; the specific award of these fees was not necessary to the judgment, but was ancillary to it, and could not have been awarded until a breach of the contract was established. See *Hylton* v. *Gunter*, supra, 313 Conn. 487, and *Haluch*, supra, 134 S. Ct. 777. Accordingly, the fact that the plaintiff had not yet been awarded the fees and costs to which it was entitled, pursuant to the parties' contract, following proof of the defendants' breach, did not affect the finality of the underlying judgment on the merits. The defendants, therefore, cannot prevail on their claim that our prior opinion in this case is void.

## II

The defendants claim that the court improperly supplemented its judgment after the plaintiff waived its

right to prejudgment interest and attorney's fees. In particular, the defendants claim that the plaintiff waived its claim to attorney's fees and prejudgment interest in the following three ways: (1) by failing to object to the court's removal of those issues from the jury's consideration, (2) by failing to move for reargument or to set aside the verdict, (3) by failing to request attorney's fees within thirty days of the judgment pursuant to Practice Book § 11-21,[7] or by otherwise objecting to the court rendering judgment on the verdict before deciding the claim for these fees. The plaintiff argues that the defendants' waiver claim is unpreserved and therefore unreviewable because the defendants never raised a claim of waiver before the trial court. We agree.[8]

"[O]ur rules of practice require a party, as a prerequisite to appellate review, to distinctly raise its claim before the trial court. See Practice Book § 5-2 ('[a]ny party intending to raise any question of law which may be the subject of an appeal must . . . state the question distinctly to the judicial authority'); Practice Book § 60-5 ('[t]he court shall not be bound to consider a claim unless it was distinctly raised at trial or arose subsequent to trial'). For that reason, we repeatedly have held that 'we will not decide an issue that was not presented to the trial court. To review claims articulated for the first time on appeal and not raised before the trial court would be nothing more than a trial by ambuscade of the trial judge.' " *Welsh* v. *Martinez*, 157 Conn. App. 223, 237 n.9, 114 A.3d 1231, cert. denied, 317 Conn. 922, 118 A.3d 63 (2015).

Starting with the defendants' first objection to the plaintiff's motion for supplemental judgment, it is clear that the defendants did not raise a claim to the trial court that the plaintiff had waived its right to pursue the fees and interest. Indeed, on the face of the defendants' objection to the plaintiff's October 2, 2012 motion for supplemental judgment, the defendants argued, in its entirety: "The defendants, Alaskans for Cuddy and David Cuddy, hereby object to the motion for supplement judgment. Counsel for the defendants was retained today in this matter for purposes of objecting to the motion. The bases for the objection are (1) the lack of statutory authority for the motion, (2) the finality of the jury verdict that precludes alteration by the court in this manner, and (3) the need for additional time to review the calculation of interest, if the motion were deemed proper by the court."

Later, in their memorandum in support of its objection to the plaintiff's December 10, 2013 motion for supplemental judgment, the defendants argued that the award of prejudgment interest is discretionary and required a finding that the defendants wrongfully withheld the plaintiff's money, that the plaintiff waived its right to *postjudgment* interest and that the court did not have the authority to open the judgment, pursuant

to § 52-212a, because more than 120 days had passed since the court rendered judgment. Again, the defendants asserted no waiver claim, except as to *postjudgment* interest, which they specifically have waived on appeal. See footnote 4 of this opinion.

Then, the trial court held a hearing on the plaintiff's motion for supplemental judgment and the defendants' objections thereto.[9] After the hearing, the court gave the defendants and the plaintiff an additional opportunity to file posthearing briefs. In their posthearing brief, the defendants did not make a waiver claim. Instead, they essentially made the same arguments that were set forth in their memorandum in support of their objection to the plaintiff's motion.

Following the court's rendering of its supplemental judgment, the defendants raised the issue of waiver in their motion to reargue, which the court denied. In that motion, the defendants asserted that the plaintiff had waived its claim for contractual attorney's fees and contractual interest, and they continued to argue the applicability of § 52-212a. Their argument essentially was that the court was required to open the judgment to make such an award, and the plaintiff had waived its entitlement to that award by failing to file its motion within 120 days, pursuant to § 52-212a. The defendants further contended that General Statutes § 51-183b was not applicable to this case.[10] Moreover, we note that the defendants did not set forth an argument concerning Practice Book § 11-21. In fact, the defendants never asked the trial court, in any of their motions objecting to the plaintiff's motion for supplemental judgment or during argument on those motions, to rule on the applicability of Practice Book § 11-21. That particular claim was raised for the first time on appeal.

A review of the record in this case reveals that the defendants did not raise in either of their objections to the plaintiff's motions for supplemental judgment, or in their posthearing brief, any argument that the plaintiff had waived its right to contractual prejudgment interest and contractual attorney's fees by failing to object to the court's removal of those issues from the jury's consideration, by failing to move for reargument or to set aside the verdict, or by otherwise objecting to the court rendering judgment on the verdict before deciding the claim for the contractual fees and interest. Although the defendants filed a motion to reargue in which they claimed, in part, that the plaintiff had waived its right to recover contractual prejudgment interest and attorney's fees,[11] our law is clear that "[r]aising an issue for the first time in a motion to reargue will not preserve that issue for appellate review." *White* v. *Mazda Motor of America, Inc.*, 313 Conn. 610, 634, 99 A.3d 1079 (2014).

We conclude that the defendants failed to preserve this claim before the trial court, and that raising the issue for the first time in their motion for reargument

and in this appeal did not preserve this waiver issue for appellate review. Accordingly, we decline to review it. See id.; *J. Wm. Foley, Inc.* v. *United Illuminating Co.*, 158 Conn. App. 27, 46–47 n.13, 118 A.3d 573 (2015) ("[t]o review claims articulated for the first time on appeal and not raised before the trial court would be nothing more than a trial by ambuscade of the trial judge" [internal quotation marks omitted]).

### III

The defendants also claim that the court acted outside of its authority, in contravention of § 52-212a, by adding contractual prejudgment interest and attorney's fees more than four months after its April 16, 2012 judgment had been rendered.[12] They argue that the court was required to open the judgment to add these amounts and that § 52-212a prohibits the court from opening the judgment, except within four months. We disagree that the court was required to open the judgment to add contractual prejudgment interest and contractual attorney's fees.

The following facts inform our review. The parties' contract in this case specifically stated that "[a]ny payment not made within 60 days after it is due shall bear interest at the annual rate of 8 [percent]" and that the defendants "shall also be responsible for legal fees (not to exceed 33 [percent] of any overdue amount) incurred by [the plaintiff] in order to collect amounts due under this Contract." Although the plaintiff had requested that the court instruct the jury on prejudgment interest and attorney's fees, the court, before instructing the jury, stated to both parties that it wanted to "put on the record [their] understanding concerning certain aspects of the contract involving attorney's fees and interest after argument, and [that it would] make that part of [its] instructions to the jury concerning those two items at the appropriate time." When reading its closing instructions to the jury, the court told the jury not to consider the issues of contractual prejudgment interest and attorney's fees. The court, however, did not discuss on the record the parties' understanding of the plaintiff's entitlement to the interest and fees before rendering judgment on April 16, 2012. The defendants then timely appealed from this judgment.

Nearly five and one-half months after the court rendered its original judgment, and after the defendants had appealed from that judgment, the plaintiff, on October 2, 2012, filed a motion for supplemental judgment requesting that the court award the prejudgment interest and attorney's fees that it was due pursuant to the parties' contract and as requested in the plaintiff's complaint. The defendants objected, claiming, in relevant part, that the court was prohibited by § 52-212a from opening the judgment because more than four months had passed since it rendered judgment in accordance with the jury's verdict. The court concluded, however,

that it was not required to open the judgment to determine this matter, and, instead, ruled that the adding of contractual prejudgment interest and attorney's fees remained an open issue and that the matter was ancillary to the judgment. The court also held that the 120 day limit imposed by § 51-183b did not apply.[13]

Looking at the plain language of the contract, the court then stated that the contract imposed an annual interest rate of 8 percent on the outstanding balance, which amounted to a per diem rate of $4.37. The court also awarded attorney's fees in the amount of $6000, although, under the contract, the plaintiff was entitled to receive up to 33 percent of the outstanding balance of the contract, which, in this case, the jury found to be $20,000; therefore, the attorney's fees could have been up to $6666.[14]

On appeal, the defendants claim that the court improperly opened the judgment, approximately five and one-half months after judgment was rendered, in violation of § 52-212a. We begin by setting forth the standard of review that governs our consideration of the defendants' claim. "Whether a court retains continuing jurisdiction over a case is a question of law subject to plenary review. . . . Whether a court properly exercised that authority, however, is a separate inquiry that is subject to review only for an abuse of discretion." (Citation omitted.) *Rosado* v. *Bridgeport Roman Catholic Diocesan Corp.*, 276 Conn. 168, 211, 884 A.2d 981 (2005). In the present case, we are called upon to determine whether the trial court, in acting on the plaintiff's motion for supplemental judgment, violated § 52-212a.

Section 52-212a provides in relevant part: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed. . . ." Nevertheless, "[e]ven when a postjudgment motion is not styled as a motion to open the judgment, a court's action on that motion . . . could be violative of § 52-212a if, outside the four month statutory period, the court substantively modifies the judgment. . . . [A]dditional orders and modifications necessary to vindicate a prior order [however] fall within the court's continuing jurisdiction and therefore are specifically excepted from the four month rule." (Citation omitted.) *Hogan* v. *Lagosz*, 147 Conn. App. 418, 430, 84 A.3d 434 (2013).

In *Neiditz* v. *Housing Authority*, 42 Conn. App. 409, 411–12, 679 A.2d 987 (1996), we explained that "[i]t is well established by both the United States Supreme Court and Connecticut precedents that a request for attorney's fees is not a motion to open, set aside, alter, or modify a judgment, but rather [it is a request that] raises legal issues collateral to the main cause of action

. . . . [R]egardless of when attorney's fees are requested, the court's decision of entitlement to fees . . . require[s] an inquiry separate from the decision on the merits—an inquiry that cannot even commence until one party has prevailed." (Citation omitted; internal quotation marks omitted.) The court's decision on a request for attorney's fees "does not open, modify, or in any way affect the judgment." *Oakley* v. *Commission on Human Rights & Opportunities*, 38 Conn. App. 506, 517, 662 A.2d 137 (1995), aff'd, 237 Conn. 28, 675 A.2d 851 (1996).

Although we recognize that the procedural postures of *Neiditz* and *Oakley* are different from the posture of the present case, with *Neiditz* involving appellate attorney's fees, and *Oakley* involving attorney's fees awarded by the Superior Court upon remanding a matter to the Commission on Human Rights and Opportunities, the language in those cases is not restrictive or limited, but, rather, it is quite broad and explicit. Indeed, we read those cases to stand for the proposition that the court does not need to open a judgment in order to award fees to which a party is entitled under a relevant statute or under the parties' contract because those fees are collateral to the judgment and the court retains continuing jurisdiction over such matters. See *Neiditz* v. *Housing Authority*, supra, 42 Conn. App. 412–13; *Oakley* v. *Commission on Human Rights & Opportunities*, supra, 38 Conn. App. 517.

Further supporting this conclusion are the cases cited in part I of this opinion, which led us to conclude that, despite the outstanding issues of contractual prejudgment interest and contractual attorney's fees, the prior judgment in this case was final for purposes of appeal because those issues were collateral to the court's judgment on the merits; see *Hylton* v. *Gunter*, supra, 313 Conn. 487; *Benvenuto* v. *Mahajan*, supra, 245 Conn. 501; see also *Haluch*, supra, 134 S. Ct. 780, 782–83 (court's postjudgment award of fees and costs that are collateral to judgment, including certain attorney's fees, professional fees, litigation expenses, statutorily entitled fees, and fees that are incurred prior to start of litigation, does not affect finality of judgment on merits); and are separately appealable. See *Paranteau* v. *DeVita*, supra, 208 Conn. 523 (despite outstanding issue of attorney's fees, decision on merits of case is final judgment for purposes of appeal, and, once determined, attorney's fees can be appealed separately).

The judgment is affirmed.

In this opinion the other judges concurred.

[1] After this action had been commenced, David Cuddy was added as a party defendant.

[2] The defendants also request, if we agree that the prior judgment was not a final judgment and that the earlier appeal was improper, that we permit the parties to file supplemental briefs addressed to the merits of the entire judgment. Given our conclusion that there was a final judgment prior to the earlier appeal, there is no need for supplemental briefing.

[3] The parties' "understanding concerning certain aspects of the contract involving attorney's fees and interest," however, was not discussed after argument or after the jury returned its verdict. The issue of attorney's fees and interest was not discussed again until the plaintiff filed its October 2, 2012 motion for supplemental judgment.

[4] In this appeal, the defendants specifically waive any claim that the court's award of postjudgment interest was improper.

[5] General Statutes § 52-212a provides in relevant part: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed. . . ."

[6] See footnote 4 of this opinion.

[7] Practice Book § 11-21 provides: "Motions for attorney's fees shall be filed with the trial court within thirty days following the date on which the final judgment of the trial court was rendered. If appellate attorney's fees are sought, motions for such fees shall be filed with the trial court within thirty days following the date on which the appellate court or supreme court rendered its decision disposing of the underlying appeal. Nothing in this section shall be deemed to affect an award of attorney's fees assessed as a component of damages."

[8] Although we decline to review this claim, we, nevertheless, mention that the defendants rely heavily on *Balf Co.* v. *Spera Construction Co.*, 222 Conn. 211, 608 A.2d 682 (1992), for their argument that the plaintiff waived any claim that there was a live controversy regarding prejudgment interest because, once the court rendered judgment without objection by the plaintiff, the matter was concluded. We have reviewed *Balf Co.* and conclude that it is inapposite to the present case because the issue in that case involved a matter of *discretionary prejudgment interest* that required fact-finding. Id., 215. As explained in *Balf Co.*, "a motion for *discretionary prejudgment interest* does not rais[e] issues wholly collateral to the judgment in the main cause of action . . . nor does it require an inquiry wholly separate from the decision on the merit[s] . . . . In deciding if and how much [discretionary] prejudgment interest should be granted, a . . . court must examine—or in the case of a postjudgment motion, reexamine—matters encompassed within the merits of the underlying action." (Emphasis added; internal quotation marks omitted.) Id. Prejudgment interest in the present case was not discretionary and did not necessitate a reexamination of the judgment on the merits; rather, it was a matter of contract, with the percentage preset by the terms of the parties' agreement.

[9] During oral argument on the plaintiff's motion for supplemental judgment, the defendants did make one statement regarding waiver, but it was tied to the court's continuing jurisdiction to open a judgment. The defendants' attorney argued: "[C]ounsel waited more than 120 days to [request an award of contractual attorney's fees and contractual prejudgment interest], and then he filed a motion for supplemental judgment, and then the case went on appeal. . . . But there is such a thing as waiver, and, although the contract says they may collect this percentage or get attorney's fees, counsel waived that by not filing within 120 days after having clear notice of the unambiguous judgment of this court, that the court said judgment is in the amount of $20,000 with no allowance and no mention of attorney's fees or interest." Immediately following that statement the court and counsel continued to discuss the applicability of § 52-212a.

Although the defendants used the word "waiver" during their oral argument on the plaintiff's motion for supplemental judgment, we conclude that they did not distinctly raise the issue of waiver before the trial court; the issue was never included in any motion filed by the defendants, it was not contained in any accompanying memorandum of law, it was not included in the defendants' posthearing brief, and the trial court never ruled on the issue.

"It is fundamental that claims of error must be distinctly raised and decided in the trial court. As a result, Connecticut appellate courts will not address issues not decided by the trial court. . . . Similarly, Practice Book § 60-5 provides in relevant part that our appellate courts shall not be bound to consider a claim unless it was distinctly raised at the trial . . . . As our Supreme Court recently observed, [t]he reason for the rule is obvious: to permit a party to raise a claim on appeal that has not been raised at trial— after it is too late for the trial court or the opposing party to address the claim—would encourage trial by ambuscade, which is unfair to both the trial court and the opposing party. . . . Thus, the requirement of Practice

Book § 60-5 that the claim be raised distinctly means that it must be so stated as to bring to the attention of the [trial] court the precise matter on which its decision is being asked." (Citations omitted; emphasis omitted; internal quotation marks omitted.) *State* v. *Faison*, 112 Conn. App. 373, 379–80, 962 A.2d 860, cert. denied, 291 Conn. 903, 967 A.2d 507 (2009); see also *White* v. *Mazda Motor of America, Inc.*, 313 Conn. 610, 631, 99 A.3d 1079 (2014) ("an issue must be distinctly raised before the trial court, not just briefly suggested" [internal quotation marks omitted]).

[10] General Statutes § 51-183b provides: "Any judge of the Superior Court and any judge trial referee who has the power to render judgment, who has commenced the trial of any civil cause, shall have power to continue such trial and shall render judgment not later than one hundred and twenty days from the completion date of the trial of such civil cause. The parties may waive the provisions of this section."

[11] In their appellate brief, the defendants state that they, in part, have appealed from the trial court's denial of their motion to reargue. They have not briefed, however, an issue addressed to whether the court abused its discretion in denying their motion to reargue.

[12] The defendants, in a footnote, also argue that because the plaintiff failed to file a motion for attorney's fees within thirty days of the judgment pursuant to Practice Book § 11-21, the court was without authority to award attorney's fees in this case. Although the defendants raised Practice Book § 11-21 in its waiver claim to this court, which we concluded was abandoned in part II of this opinion, the defendants did not include in the main portion of its brief an argument that Practice Book § 11-21 limited the court's authority to issue the supplemental judgment in this case; nor did it raise Practice Book § 11-21 before the trial court. Accordingly, we will not consider this argument. See, e.g., *PaineWebber, Inc.* v. *American Arbitration Assn.*, 217 Conn. 182, 189–90 n.12, 585 A.2d 654 (1991) (declining to review claim raised on appeal where fair reading of trial court record indicated that claim not distinctly raised in trial court and footnote could not be considered adequate briefing of issue).

[13] The defendants do not claim, nor have they ever claimed, that § 51-183b applied to this matter, and, as a matter of fact, they repeatedly argued that it did not apply. Because no such claim was raised before the trial court, we do not consider whether a seasonable objection under § 51-183b could have rendered void the court's decision in this case. "Our Supreme Court has stated that '[i]n past cases interpreting § 51-183b and its predecessors, we have held that the defect in a late judgment is that it implicates the trial court's power to continue to exercise jurisdiction over the parties before it. . . . We have characterized a late judgment as voidable rather than as void . . . and have permitted the lateness of a judgment to be waived by the conduct or the consent of the parties.' . . . *Waterman* v. *United Caribbean, Inc.*, 215 Conn. 688, 692, 577 A.2d 1047 (1990). '[A]n unwarranted delay in the issuance of a judgment does not automatically deprive a court of personal jurisdiction. Even after the expiration of the time period within which a judge has the power to render a valid, binding judgment, a court continues to have jurisdiction over the parties until and unless they object. It is for this reason that a late judgment is merely voidable, and not void.' Id., 692–93." *Foote* v. *Commissioner of Correction*, 125 Conn. App. 296, 300–301, 8 A.3d 524 (2010).

[14] The plaintiff, although stating that it recognizes that it could have appealed from this determination, has not argued that the amount was improper.