Barretta v. Wells Fargo Bank, N.A.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of June, two thousand seventeen.

PRESENT:
ROBERT A. KATZMANN,
*Chief Judge,*
DENNIS JACOBS,
PIERRE N. LEVAL,
*Circuit Judges.*

---

Frances Ann Barretta,

*Appellant,*

v.                                                                    16-1836

Wells Fargo Bank, N.A.,

*Appellee.*

---

FOR APPELLANT:          Frances Ann Barretta, pro se, Meriden, Connecticut.

FOR APPELLEE:           Henry F. Reichner, Reed Smith LLP,
                        Philadelphia, Pennsylvania.

Appeal from an order of the United States District Court for the District of Connecticut

(Thompson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Frances Ann Barretta, appearing pro se, appeals from the district court's denial of her motion for a stay pending appeal. Wells Fargo Bank, N.A. ("Wells Fargo") had obtained a judgment in strict foreclosure in state court on Barretta's home. Barretta then petitioned for bankruptcy pursuant to Chapter 13 of the bankruptcy code, which triggered an automatic stay on foreclosure proceedings pursuant to 11 U.S.C. § 362. The bankruptcy court granted Wells Fargo relief from the automatic stay, and plaintiff appealed to the district court, where she filed a motion to stay the bankruptcy court's order pending appeal. The district court denied her motion, which Barretta now appeals to this Court. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As an initial matter, it could be argued that we have jurisdiction to review the district court's order, which is essentially a denial of an injunction as encompassed by 28 U.S.C. § 1292(a)(1). *See In re Chateaugay Corp.*, 880 F.2d 1509, 1512 (2d Cir. 1989) ("[T]he preliminary hearing on a motion for relief from the [automatic] stay is similar to a hearing on a preliminary injunction, and the decision as a result of the final hearing on the motion for relief is equivalent to a permanent injunction."); *see also Conn. Nat. Bank v. Germain*, 503 U.S. 249, 254 (1992) ("So long as a party to a proceeding or case in bankruptcy meets the conditions imposed by § 1292, a court of appeals may rely on that statute as a basis for jurisdiction."); *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 287–88 (1988) ("Section 1291(a)(1) . . . provide[s] appellate jurisdiction over orders that grant or deny injunctions and orders that have the practical effect of granting or denying injunctions and have serious, perhaps irreparable, consequence." (internal

quotation marks omitted)). But, in any event, to the degree our jurisdiction is in doubt, we would reach the same outcome by exercising hypothetical jurisdiction. *See Marquez-Almanzar v. I.N.S.*, 418 F.3d 210, 216 n.7 (2d Cir. 2005).

Because here the district court's denial of Barretta's motion for a stay pending appeal is akin to the denial of a preliminary injunction, we review the denial for abuse of discretion. *See Picard v. Fairfield Greenwich Ltd.*, 762 F.3d 199, 206 (2d Cir. 2014). Upon review, we conclude that the district court did not abuse its discretion when it denied plaintiff's motion.

When deciding a motion for a stay pending appeal, a court must consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007) (footnote omitted) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

The district court properly concluded that Barretta did not establish a likelihood of success on the merits because her challenge to the bankruptcy court's order was likely barred by the *Rooker-Feldman* doctrine, which provides that the lower federal courts lack subject matter jurisdiction over claims brought by state court losers that invite review and rejection of state court judgments. *Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009). This Court has set forth four requirements that must be met in order for a claim to be barred by the *Rooker-Feldman* doctrine: (1) the plaintiff must have lost in state court, (2) the plaintiff must complain of injuries caused by a state court judgment, (3) the plaintiff must invite district court review and rejection of the state court judgment, and (4) the state judgment must have been rendered before the district court

3

proceedings commenced. *Id.*

Each of the four requirements is satisfied in this case. First, Barretta lost in state court by virtue of the judgment in strict foreclosure. *See Benvenuto v. Mahajan*, 715 A.2d 743, 745–47 (Conn. 1998) (judgment in strict foreclosure a final judgment despite remaining issues regarding attorney's fees); *see also Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014) (*Rooker-Feldman* doctrine bars review of Connecticut state court judgment in strict foreclosure). Second, Barretta claims that she will be injured by the foreclosure of her property, which was authorized by the state court. Third, the objections she asserts to the bankruptcy court's order collaterally attack the state court judgment and would effectively require the district court to declare the state court judgment void for her to prevail on the merits of her appeal. *See Kropelnicki v. Siegel*, 290 F.3d 118, 129 (2d Cir. 2002). Lastly, the state court judgment was issued before she petitioned for bankruptcy.

The district court also did not abuse its discretion in holding that the remaining stay factors did not warrant that relief. While Barretta likely faces irreparable harm without a stay, this factor is outweighed by the others. *See Thapa v. Gonzales*, 460 F.3d 323, 334–35 (2d Cir. 2006) (discussing weighing of stay factors). As for the third factor, the record indicates that Wells Fargo has not been able to foreclose on the property despite being authorized to do so by the bankruptcy court's 2015 order, and has expended resources litigating this dispute. The fourth factor also weighs against Barretta because there is a public interest in finality. *In re Turner*, 207 B.R. 373, 379 (B.A.P. 2d Cir. 1997). In light of the balancing of these four factors, we hold that the district court did not abuse its discretion in denying Barretta's motion for a stay pending appeal.

4

We have considered all of Barretta's arguments and find them to be without merit.

Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
